409 So.2d 1250 (1982)
Judith SCHNIEBOLK
v.
Barry Jay GOLDSTEIN.
No. 12204.
Court of Appeal of Louisiana, Fourth Circuit.
January 12, 1982.
Donald A. Meyer, Bradley M. Smolkin, Shushan, Meyer, Jackson, McPherson & Herzog, New Orleans, for plaintiff-appellee.
Gibson Tucker, Jr., Tucker & Schonekas, New Orleans, for defendant-appellant.
Janet D. Webb, William C. Credo, Asst. Dist. Attys., Gretna, for Dist. Atty's. office.
Before BOUTALL, CHEHARDY and KLIEBERT, JJ.
KLIEBERT, Judge.
On May 13, 1974, plaintiff, Judith Schniebolk (hereafter wife) was divorced from the defendant, Barry Jay Goldstein (hereafter husband), by a Maryland Court. In the divorce judgment, the child support payment was set at $600.00 per month. Some three years thereafter, when the husband became delinquent in the payments, the wife initiated a URESA[1] action in Maryland which was subsequently sent to Orleans Parish and then to the Juvenile Court in and for Jefferson Parish, as the responding court. After the transfer to the Jefferson court, the husband submitted himself to the Maryland jurisdiction and paid the arrearage on the support charge. The Maryland *1251 court dismissed the Maryland URESA action and the Maryland District Attorney's office requested Jefferson Parish authorities to dismiss the URESA action. However, before receiving notice of this, the Jefferson Parish Juvenile Judge rendered a support judgment against the husband of $250.00 per month, effective June 3, 1978. Apparently, after receipt of the request by the Maryland authorities to dismiss the URESA[2] action, on August 16, 1978 a judgment signed by a Jefferson Parish Juvenile Judge ad hoc providing as follows was rendered:
"IT IS ORDERED, ADJUDGED AND DECREED that this matter be and the same is hereby dismissed ... [because there] ... was no finding of guilt or innocence with respect to the defendant. The defendant will pay the full sum of $250.00 plus court costs per month commencing on the third day of June, 1978 and medical expenses covered by defendant policy of insurance.
JUDGMENT READ, RENDERED AND SIGNED on this 16th day of August, 1978."
Apparently, as a result of this judgment, the jacket of the record was stamped to indicate the suit had been dismissed and the case filed with the inactive records. Some eighteen months later, however, by a judgment rendered on February 15, 1980, the support award was reduced to $175.00 per month. There is no explanation in the record as to the basis or reason for the reduction or the issuance of the February 15, 1980 judgment. Each time a judgment was rendered, there appears in the record a signed judgment on a regular printed URESA from and a separate typewritten judgment worded differently, but both signed by a Jefferson Parish Juvenile Judge.
On June 9, 1980, the wife filed a summary motion to have the judgment of February 15, 1980 vacated or declared a nullity. In response, an exception to the use of a summary proceeding was filed by the defendant husband. After a hearing, the trial judge, by order dated October 1, 1980, vacated the original judgment of August 16, 1978 and the subsequent judgment of February 15, 1980 because they were entered as the result of a clerical error and dismissed the case based on its finding that the case should have been dismissed in its entirety when the State of Maryland, on June 14, 1978, requested Jefferson to dismiss the URESA action. The defendant husband appealed.
The judgment of August 16, 1978 above quoted actually dismissed the entire case. Therefore, all of the subsequent actions taken in the case were taken in a dismissed suit and of no force and effect.
The trial judge cited as his authority for vacating the judgments and dismissing the URESA action Article 1671 of the Code of Civil Procedure. The appellee admits no such authority is granted by Article 1671, but points to Article 2002(3) of the Code of Civil Procedure as supporting authority for the trial judge's order of October 1, 1980. This article provides that "... a final judgment shall be annulled if it is rendered:... (3) by a court which does not have jurisdiction over the subject matter of the suit." Since a judgment rendered by a court without subject matter jurisdiction is an absolute nullity, it may be set aside at any time. Key v. Salley, 51 So.2d 390, 218 La. 922 (1951). Furthermore, the jurisdiction of the court over the subject matter of an action or proceeding cannot be conferred by the consent of the parties. (Article 3 of the Code of Civil Procedure.)
Here, once the Maryland court acquired jurisdiction over the separation and divorce proceeding, it continued to have jurisdiction over all matters incidental thereto, including alimony and child support. Anthony v. Anthony, 288 So.2d 694 (5th Cir. 1974). The State of Maryland then enlisted the aid of the State of Louisiana under URESA to aid in the enforcement of the *1252 jurisdiction of the Maryland divorce court. When the State of Maryland, the state with the initial jurisdiction and the initiator of the URESA action, dismissed the URESA action and requested the State of Louisiana, the responding state, to do the same, the Jefferson Parish Court no longer had subject matter jurisdiction of the URESA action. In the absence of any subject matter jurisdiction, the subsequent actions of the Parish of Jefferson, i.e., making an alimony award, were an absolute nullity. The husband does not sustain any undue hardship nor is he financially prejudiced for the support payments made under the judgments because he can apply such payments as credits against the support order of the Maryland court. Moreau v. Falgout, 304 So.2d 429 (1st Cir. 1979). Accordingly, the trial court order annulling and setting aside its two prior judgments and dismissing the URESA action is affirmed. Each party to bear his own costs of appeal.
AFFIRMED.
NOTES
[1] Uniform Reciprocal Enforcement Support Act. The Maryland Statute is in Article 89C, Annotated Code of Maryland (1957). The comparable Louisiana Statute is in R.S. 13:1641 et seq.
[2] There is a copy of the Maryland motion and order dismissing the URESA action filed in the record.