542 So.2d 666 (1989)
Anne Prejean PENNISON
v.
Keith Anthony PENNISON.
No. 88-CA-894.
Court of Appeal of Louisiana, Fifth Circuit.
April 12, 1989.
*667 Edmund J. Schmidt, III, Jefferson, for Anne Prejean Pennison, appellant.
Lombard & Corte, Joseph E. Corte, New Orleans, for Keith Anthony Pennison, appellee.
Before CHEHARDY, C.J., and GRISBAUM and WICKER, JJ.
CHEHARDY, Chief Judge.
The question to be decided on this appeal is whether the district court or the juvenile court for Jefferson Parish shall have primacy in judgment in a matter over which they have concurrent jurisdictionthe payment of child support by a divorced father. We conclude that, in this case, the district court judgment must take precedence because it was rendered first.
At issue specifically is the application of LSA-R.S. 13:1599, which sets forth the scope of the jurisdiction of the Juvenile Court for the parish of Jefferson. It states, in pertinent part:
"[T]he Juvenile Court for the parish of Jefferson shall have concurrent jurisdiction with the Twenty-Fourth Judicial District Court to establish paternity, establish and modify custody and visitation, and establish and modify alimony and child support in criminal neglect and paternity cases. However, as between the Juvenile Court for the parish of Jefferson and the Twenty-Fourth Judicial District Court, the court which renders the initial order for custody, visitation, or support shall have exclusive continuing jurisdiction to modify such order."
Thus, R.S. 13:1599 grants the Juvenile Court for the parish of Jefferson subject matter jurisdiction over establishment and modification of child support, but only where no previous order has been rendered by the Twenty-fourth Judicial District Court. In the case before us, Anne Prejean Pennison appeals a judgment of the district court that awarded arrearages under a 1987 juvenile court child support order, but ignored the district court's own 1986 child support judgment, under which the arrearages owed Mrs. Pennison were much greater.
The facts are as follows:
Anne Pennison and Keith Anthony Pennison were married in 1982 and began living separate and apart in September 1984. Their two minor children were, respectively, nine years old and one month old at the time. Mrs. Pennison filed suit for separation in July 1985; no judgment of separation was rendered and, after passage of sufficient time, Mrs. Pennison amended her petition to request divorce on the ground of living separate and apart for more than a year.
*668 On February 6, 1986, a judgment of divorce was rendered, in which Mrs. Pennison was awarded custody of the children and Mr. Pennison was ordered to pay child support in the amount of $175 every two weeks, beginning on November 1, 1985. In addition, he was ordered to pay the children's school tuition and other school-related expenses.
(In her brief, Mrs. Pennison refers to a January 1985 judgment setting pendente lite child support; however, no such judgment is contained in the record before us. Its absence does not affect this appeal, because the February 1986 divorce judgment superceded it. Mrs. Pennison also refers to the divorce judgment as the "October 1985" judgment. Apparently the judgment was rendered orally in October 1985, but was not written and signed until February 6, 1986.)
Mr. Pennison failed to pay child support in the amounts ordered by the judgment. Mrs. Pennison apparently sought to press charges for criminal nonsupport, as a result of which proceedings were initiated against Mr. Pennison in Jefferson Parish Juvenile Court by the child support enforcement section of the Jefferson Parish District Attorney's office.
On June 19, 1987, a stipulation for child support was entered into between Mr. Pennison and the Office of the District Attorney, under which he agreed to pay to the Office of Family Security of the Department of Health and Human Resources the amount of $111 semi-monthly for his children, beginning on July 1, 1987. The stipulation was adopted by the juvenile court in an order dated June 23, 1987, pursuant to LSA-R.S. 14:75.2. That statute empowers the court to issue an order of support in lieu of instituting criminal proceedings for neglect of family (LSA-R.S. 14:74) where the defendant and the district attorney stipulate to an order of support. Apparently no criminal charge was ever filed against Mr. Pennison.
Despite the juvenile court order, under which his payments were less than in the district court judgment, Mr. Pennison continued to fall behind in payment of his child support obligation. On February 18, 1988, an income assignment order was rendered by the juvenile court, directing Mr. Pennison's employer to withhold funds from his wages to satisfy the $222 per month he was required to pay under the juvenile court order.
On August 10, 1988, Mrs. Pennison returned to the district court, filing a rule for arrearages and contempt of court and seeking to enforce the district court's 1986 judgment. At the hearing on October 27, 1988, the district judge refused to consider any evidence regarding child support arrearages related to the district court judgment and considered only arrearages arising from the 1987 juvenile court order. He rendered judgment in favor of Mrs. Pennison in the amount of $1,239.50 (the amount the records of the juvenile court showed Mr. Pennison owed under the juvenile court order) and ordered the matter transferred to the juvenile court.
Mrs. Pennison has appealed, asserting the district court erred in recognizing and in failing to nullify the 1987 juvenile court judgment, in refusing to allow her to testify regarding the amount of child support Mr. Pennison owed, and in failing to award her attorney's fees and costs for bringing the rule.
Mrs. Pennison contends the juvenile court had no subject matter jurisdiction to reduce the child support payable by Mr. Pennison, under R.S. 13:1599. Accordingly, she asserts, the district court should have awarded her arrearages due under the 1986 district court judgment, crediting Mr. Pennison for payments made, including payments he made pursuant to the 1987 juvenile court judgment.
Mr. Pennison, on the other hand, asserts Mrs. Pennison waived her right to any arrearages under the district court judgment. He contends that, by instigating proceedings in juvenile court, she acquiesced in the juvenile court's reduction of his child support obligation. He argues this constituted a voluntary modification in the amount due her under the district court judgment.
*669 We cannot agree with Mr. Pennison's interpretation of the law. R.S. 13:1599 is clear: although the juvenile court and the district court in Jefferson Parish have concurrent jurisdiction to establish and modify child support in criminal neglect cases, "the court which renders the initial order for * * * support shall have exclusive continuing jurisdiction to modify such order." (Emphasis added.) Therefore, the juvenile court, while it was correct in enforcing Mr. Pennison's obligation, erred in modifying the amount of support payable by him under the prior district court judgment.
Proceedings under R.S. 14:74-14:75.2 are not between the obligor and the obligee of the child support obligation, but between the obligor and the State. See Collette v. Olivier, 309 So.2d 894 (La.App. 3 Cir.1975), writ refused, 313 So.2d 827. If we were to hold that Mrs. Pennison, by seeking the assistance of the district attorney in recovering the child support legally due her, thereby waived her rights under the civil law, we would contravene the purpose of the child support enforcement laws. The intent of these laws is to compel parents to meet their civil and moral obligations to support their children.
The failure of the child support obligee to complain of the obligor's failure to pay the full amount of support does not amount to a waiver. Dubroc v. Dubroc, 388 So.2d 377 (La.1980).
Mr. Pennison's contentions regarding his reduction of income and inability to make payments cannot bar Mrs. Pennison's right to accrued arrearages. To reduce the amount he owed under the 1986 judgment, it was incumbent on him to protect himself by bringing a rule to reduce the child support. He made no attempt to do so.
Thus, the district court erred in ignoring the arrearages due under the 1986 judgment.
"Equity will not nullify or reduce accumulated alimony or child support which is a vested property right, until the judgment is altered or amended by a subsequent judgment or is terminated by operation of law. * * *"
Collette v. Olivier, supra, at 896. See also, Trice v. Trice, 428 So.2d 1265 (La.App. 3 Cir.1983). "[T]he court is not empowered by equity or otherwise to reduce accumulated [child support] until the previous judgment awarding [child support] has been amended by a subsequent judgment." O'Shea v. O'Shea, 499 So.2d 1236, 1237 (La.App. 4 Cir.1986).
Mrs. Pennison also contends the trial court erred in failing to award her attorney's fees and costs, as provided in LSA-R. S. 9:305. That statute provides that when a court renders a judgment making past-due child support executory, it shall award attorney's fees and costs to the prevailing party "except for good cause." On the record before us, Mr. Pennison failed to present evidence to establish "good cause" why he failed to make payments or to seek a reduction in the amount he owed. Accordingly, we conclude the trial judge abused his discretion in failing to award Mrs. Pennison attorney's fees and costs.
With regard to the amount of the arrearages due Mrs. Pennison, the district court refused to admit evidence, stating the juvenile court had made that determination and adopting the amount shown unpaid in the juvenile court's payment records. The court directed Mrs. Pennison to proffer the evidence she wished to present, but required the proffer to be in the form of typewritten questions and answers, as permitted by LSA-C.C.P. art. 1636.
Mrs. Pennison takes issue with this on appeal: first, because the trial court improperly placed the burden of proving the arrearages on her when it should have been Mr. Pennison's burden; secondly, because the form of the proffer did not allow full presentation of the evidence. We find her position is correct and, therefore, a remand is required.
Where child support arrearages are alleged, the burden of proving a credit against the obligation is upon the obligor. See Lynch v. Lynch, 422 So.2d 703 (La. App. 3 Cir.1982); Vaughan v. Vaughan, 415 So.2d 483 (La.App. 1 Cir.1982). Accordingly, *670 the trial court erred in requiring Mrs. Pennison to present that evidence.
Where an appellate court has all the facts before it, the court may render judgment on the merits when the trial court has made a consequential but erroneous ruling on the exclusion or admission of evidence. Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975). However, where proffered evidence is placed in the record by means of a statement rather than by making a complete record of the excluded testimony, upon a finding that such evidence was admissible the appellate court may remand to permit the introduction of such evidence and any other testimony bearing thereon. McCauley v. Manda Brothers Provisions Co., 202 So.2d 492 (La.App. 1 Cir.1967), aff'd, 252 La. 528, 211 So.2d 637.
For the foregoing reasons, we affirm the judgment appealed insofar as it finds Mrs. Pennison entitled to arrearages, but reverse it insofar as it refused to enforce her rights under the district court's judgment of February 6, 1986. We remand the matter for an evidentiary hearing on the amount of the arrearages due and for subsequent rendition of judgment consistent with this opinion, including attorney's fees and costs. Costs of this appeal are assessed against Keith Pennison.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.