577 So.2d 758 (1991)
Nancy Waguespack THIBODAUX
v.
Daniel Joseph THIBODAUX.
No. 90 CA 0101.
Court of Appeal of Louisiana, First Circuit.
March 28, 1991.
L. Charles Caillouet, Caillouet & Caillouet, Thibodaux, for plaintiff-appellee Nancy Waguespack Thibodaux.
F. Smith Knobloch, Knobloch and Barker, Thibodaux, for defendant-appellant Daniel Joseph Thibodaux.
Before EDWARDS, WATKINS and LeBLANC, JJ.
WATKINS, Judge.
Daniel Joseph Thibodaux appeals a trial court judgment partitioning community property. Mr. Thibodaux's contentions on appeal are that the trial court erred in awarding Nancy Waguespack Thibodaux reimbursement for the use of community funds to satisfy a separate debt, and in *759 awarding Mrs. Thibodaux reimbursement for the use of community funds to improve the separate property of Mr. Thibodaux. Mrs. Thibodaux answered the appeal requesting damages for frivolous appeal under LSA-C.C.P. art. 2164.
In May of 1974, Mr. Thibodaux purchased a home on Cherry Drive in Thibodaux, Louisiana. He executed a promissory note for $16,128.10 to Andrew Guillot, which was secured by a mortgage on the Cherry Drive property. Mr. and Mrs. Thibodaux were married on February 8, 1975, and the Cherry Drive property became their family home. During the marriage the community paid $13,365.35 principal on the mortgage note secured by the Cherry Drive property and $708.01 for improvements to the property. In December of 1980, the Cherry Drive property was sold for a net profit of $44,880.00. The proceeds of the sale were deposited into a joint checking account.
At trial Mrs. Thibodaux claimed a right to reimbursement under LSA-C.C. art. 2364[1] for community funds used to satisfy Mr. Thibodaux's separate obligation on the Cherry Drive property. Mrs. Thibodaux also claimed a right to reimbursement under LSA-C.C. art. 2366[2] for community funds used to improve Mr. Thibodaux's separate property. Mr. Thibodaux claimed a right to reimbursement under LSA-C.C. art. 2365[3] for the use of his separate property (i.e. proceeds from the sale of the Cherry Drive property) to satisfy a community obligation.[4]
The trial court awarded Mrs. Thibodaux a credit of $6,682.68 as reimbursement of one-half of the principal paid during the marriage on the Cherry Drive property and a credit of $354.00 as reimbursement of one-half of the value of the community property used to improve the Cherry Drive property. The trial court denied Mr. Thibodaux's claim for reimbursement of separate property used to satisfy a community debt stating that the proceeds of the sale of the Cherry Drive property had become commingled with community funds.
On appeal Mr. Thibodaux does not dispute the trial court's factual conclusion that the separate funds were commingled with community funds and lost their separate character, nor does he dispute the trial court's determination that community property was used to pay his separate obligation and improve his separate property.
Therefore, the only issue is whether the obligation created by LSA-C.C. arts. 2364 *760 and 2366 may be extinguished by the return to the community, from the separate estate of the spouse whose separate obligation was paid or separate property improved, the value of the community property used.
Mr. Thibodaux argues that because the proceeds of the sale of the Cherry Drive property were deposited into the joint community checking account, and were found by the trial court to be commingled with community funds, the community was effectively reimbursed for the value of the community funds used to satisfy the separate debt and improve the separate property. He therefore asserts that it is fundamentally unfair to deny him any credit for the $44,880.00 received by the community from the sale of his separate property and at the same time allow Mrs. Thibodaux a credit for the value of the community property used to improve the Cherry Drive property and to pay the note secured by the mortgage on the Cherry Drive property.
Under Louisiana law, property is characterized as either community or separate. LSA-C.C. art. 2335; Curtis v. Curtis, 403 So.2d 56 (La.1981). The mere mixing of separate funds and community funds in the same account does not, of itself, convert an entire account into community property; however, when separate funds are commingled with community funds indiscriminately, so that the separate funds cannot be identified or differentiated from the community funds, then all the funds are characterized as community funds. Id.
The basis of community property law is the equal distribution of the marital property. With this in mind we can only conclude that the entitlement to reimbursement contained in LSA-C.C. arts. 2364 and 2366 is extinguished by the return to the community, before the termination of the community, from the separate estate of the spouse whose separate obligation was paid or separate property improved, the amount or value of the community funds used to satisfy the separate debt or improve the separate property.[5] Thus, we must reverse the credits allowed to Mrs. Thibodaux by the trial court.
The reversal of the credits awarded to Mrs. Thibodaux results in an unequal distribution of $1,180.87[6] in Mrs. Thibodaux's favor. Because this is a relatively small amount and there are no other assets of a like amount which can be reallocated to Mr. Thibodaux to effect an equitable division, we will order Mrs. Thibodaux to pay to Mr. Thibodaux the amount of $590.43, or execute a promissory note for that amount.[7]
For the reasons set forth above we reverse only that portion of the trial court judgment awarding Mrs. Thibodaux a credit of $6,682.68 for the reimbursement of one-half the community funds used to satisfy the mortgage on the Cherry Drive property and the credit of $354.00 for improvements on the Cherry Drive property. The judgment is accordingly amended to delete the credits to Mrs. Thibodaux, and order her to pay to Mr. Thibodaux the sum of $590.43 in cash, or execute a promissory note in that amount, payable in equal monthly payments over a period of two (2) years, and bearing interest at the rate of ten percent (10%) per annum from date until paid. Costs of this appeal are to be paid by Mrs. Thibodaux.
REVERSED IN PART, AMENDED IN PART, AFFIRMED AS AMENDED.
NOTES
[1] LSA-C.C. art. 2364 reads as follows:

If community property has been used to satisfy a separate obligation of a spouse, the other spouse is entitled to reimbursement upon termination of the community property regime for one-half of the amount or value that the property had at the time it was used.
[2] LSA-C.C. art. 2366 reads as follows:

If community property has been used for the acquisition, use, improvement, or benefit of the separate property of a spouse, the other spouse is entitled upon termination of the community to one-half of the amount or value that the community property had at the time it was used.
Buildings, other constructions permanently attached to the ground, and plantings made on the separate property of a spouse with community assets belong to the owner of the ground. Upon termination of the community, the other spouse is entitled to one-half of the amount or value that the community assets had at the time they were used.
[3] LSA-C.C. art. 2365 reads as follows:

If separate property of a spouse has been used to satisfy a community obligation, that spouse, upon termination of the community property regime, is entitled to reimbursement for one-half of the amount or value that the property had at the time it was used. The liability of a spouse who owes reimbursement is limited to the value of his share in the community after deduction of all community obligations.
Nevertheless, if the community obligation was incurred for the ordinary and customary expenses of the marriage, or for the support, maintenance, and education of children of either spouse in keeping with the economic condition of the community, the spouse is entitled to reimbursement from the other spouse regardless of the value of that spouse's share of the community.
[4] At trial Mr. Thibodaux attempted to establish that the proceeds of the Cherry Drive property were used to satisfy a community debt. It was established that the proceeds of the sale of the Cherry Drive property were deposited into a joint checking account. However, Mr. Thibodaux was unable to trace the funds to a lump sum payment of $32,000.00 which was made on a new home built by Mr. and Mrs. Thibodaux.
[5] In view of the result we have reached, we find no merit in appellee's contention regarding frivolous appeal.
[6] The assets and liabilities of the community were distributed to the parties with Mr. Thibodaux receiving furniture valued at $4,780.00, and Mrs. Thibodaux receiving Hutton/Conam certificates valued at $10,000.00, and a debt to Citizens Bank & Trust of $4,039.13. Accordingly, Mrs. Thibodaux's share of the community property exceeded Mr. Thibodaux's by $1,180.87.
[7] When an appellate court has all the facts before it and the issues were litigated below, an erroneous judgment does not warrant a remand of the case and the appellate court may decide the case on the merits. Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975).