1,YELVERTON, J.
The issue in this child support case is whether an order of dismissal of a Uniform Reciprocal Enforcement of Support Act (URESA) action filed for the collection of arrearages also dismisses prior child support orders and accumulated arrearages.
Kenneth J. Kellogg, Jr. and Teresa Lynne Yocum had a child. The mother was awarded custody. A Florida court ordered Mr. Kellogg to pay $200 in child support per month.
Mr. Kellogg lived in Calcasieu Parish. The State of Florida sent a request to Louisiana to enforce its child support order. Louisiana assumed jurisdiction. On November 14, 1988, the Fourteenth Judicial District Court, utilizing URESA, reduced the child support obligation to $100 per month, and later, on August 24, 1994, it increased the support order to $556 per month.
On July 14, 1995, the State of Louisiana, through the Department of Social Services, moved for dismissal of the cause for the stated reason that “BOTH PARTIES ARE NO LONGER LIVING IN LOUISIANA.” An order was signed by the district court dismissing the cause of action.
Three years later, Mr. Kellogg having apparently returned to Louisiana, another State, Georgia, sought enforcement of the Florida and Calcasieu Parish orders of child support under the Uniform Interstate Family Support Act (UIFSA). The UIFSA action for the collection of those arrearages was filed by the State in the Fourteenth Judicial District Court on May 21,1998.
In response to the UIFSA action, Mr. Kellogg raised the defense that the earlier enforcement action had been dismissed. The hearing officer to whom the case was ^assigned recommended rejecting the defense for the reason that the judgment dismissing the collection of support did not equate to a cancellation of judgment. Mr. Kellogg appealed the hearing officer’s recommendation, asserting that the order signed July 14, 1995, effectively canceled all orders of child support which were in existence at that time. He claimed that because all prior orders of child support had been canceled, there were no existing orders to enforce, and therefore there could be no arrearages due.
The matter went to trial. The trial court rendered judgment on August 28, *24 2000 in favor of the State, ruling that the “Order of Dismissal does not equate to cancellation of judgments.” It is from this judgment that Mr. Kellogg now appeals.
Mr. Kellogg contends that there are no arrearages due from the Louisiana orders because the matter was dismissed. He submits that a dismissal places the parties back in the same position they were in prior to the institution of the suit, thus there is no award of support in the matters filed in the Louisiana court. We find Mr. Kellogg’s argument unpersuasive and affirm the trial court’s judgment.
Mr. Kellogg bases his argument on the definition of “dismissal” and cites numerous cases involving dismissals of suits. These cases, except for one, do not deal with child support orders, URESA or UIFSA. The one case that does involve a child support order, Schniebolk v. Goldstein, 409 So.2d 1250 (La.App. 4 Cir.1982), stood for the proposition that once a URE-SA action is dismissed, all subsequent action taken in the case was of no force or effect. This was because that trial court, after dismissal of the action, was without subject-matter jurisdiction when the contested judgment was rendered. Id.
13As stated in Brannan v. Talbott, 31,-632, p. 5 (La.App. 2 Cir. 2/24/99); 728 So.2d 1023, 1026, writ denied, 99-881 (La.5/7/99); 741 So.2d 23 (citations omitted), the jurisprudence guards the sanctity of child support judgments:
Once the moving party has proven the existence of child support arrearages, the court has no power to nullify or reduce accumulated alimony or child support until the previous judgment awarding it is amended by a subsequent judgment or by operation of law. This rule of law concerning the inability of a court to eliminate arrearage[s] accumulated prior to a subsequent judgment altering or amending the child support has been upheld in numerous eases. See e.g., Tutorship of Shea, 619 So.2d 1236 (La.App. 3 Cir.), writ denied, 626 So.2d 1165 (La.1993) ...; Hendricks v. Hendricks, 594 So.2d 1129 (La.App. 3 Cir. 1992) ...; and Pennison v. Pennison, 542 So.2d 666 (La.App. 5 Cir.1989).
Thus, the court on July 14, 1995, had no power to eliminate the accumulated ar-rearages by nullification of the prior support orders or otherwise. The order rendered on that date did not cause the court to lose its authority, indeed duty, to determine and make executory past-due support, should jurisdiction for contradictory proceedings be reacquired (as has now happened). La.Code Civ.P. art. 3946. The dismissal of July 14, 1995, was based only on the tribunal’s then lack of jurisdiction with regard to prospective enforcement of past-due support. The trial judge observed that the order dismissed only the enforcement action, not the underlying support obligation and not any judgment recognizing that obligation. The trial judge was correct. The judgment dismissing the UIFSA action dismissed only the current proceedings to enforce the collection of arrearages and did not purport to nullify any prior child support awards, nor did it have that effect.
The judgment of the trial court is affirmed, and all costs are assessed to Appellant, Kenneth Kellogg, II.
AFFIRMED.