981 So.2d 788 (2008)
Thomas James BOURGEOIS
v.
Monica Madere BOURGEOIS.
No. 07-CA-892.
Court of Appeal of Louisiana, Fifth Circuit.
April 29, 2008.
Rehearing Denied May 27, 2008.
*789 Timothy S. Marcel, Attorney at Law, Luling, Louisiana for Plaintiff/Appellee.
Pat M. Franz, Attorney at Law, Metairie, Louisiana, for Defendant/Appellant.
Panel composed of Judges SUSAN M. CHEHARDY, WALTER J. ROTHSCHILD, and FREDERICKA HOMBERG WICKER.
WICKER, Judge.
This appeal arises from the district court's judgment partitioning community property. On appeal, Ms. Bourgeois assigns the following errors: the trial court erred as a matter of law in holding that a vehicle acquired by her former spouse prior to the marriage was community property, and the trial court erred in failing to grant her a reimbursement for one-half the value of the community funds spent towards improving Mr. Bourgeois's separate property.
Mr. Bourgeois assigned one error in his answer to the appeal: the trial court erred in classifying eleven movable items awarded to Mr. Bourgeois as community, when in fact those items were his separate property.
For the reasons set forth below, we affirm in part and reverse in part.
Procedural History
The facts reflect that in 1975, nearly 15 years prior to the parties' marriage, Mr. Bourgeois purchased a 1960 Chevrolet Brookwood station wagon. In 1990, the parties married and entered into a community property regime. At no time during the community did Mr. Bourgeois execute an act of donation or any other sort of transfer of his vehicle to the community in accordance with the provisions of La.C.C. art. 2341.1. There was likewise no evidence introduced at trial to suggest that Mr. Bourgeois changed the title on the vehicle to reflect his wife's name during *790 the existence of the community. Mr. Bourgeois testified that he obtained title to the vehicle before marriage.
Mr. Bourgeois offers a detailed description of the extensive renovation performed on the car in support of his position that the car is community property. His argument suggests that the improvements were so extensive that the asset cannot be considered to be the same "thing" that it was prior to the marriage, when it was clearly his separate property. This transformation, according to the appellant, was sufficient to render the 1960 Brookwood a community asset.
Legal Analysis
In addressing the appellant's assignment of error this Court must first determine the nature of the asset: separate or community. La. C.C. art. 2341 states that the separate property of a spouse comprises, "property acquired by a spouse prior to the establishment of a community regime." The evidence regarding the time at which Mr. Bourgeois acquired the vehicle is uncontroverted: he purchased the car prior to the inception of the community. As such the vehicle is Mr. Bourgeois's separate property. Furthermore, the fact that he did not "acquire" the car from his mother's garage until after marriage does not render the car community property. Mr. Bourgeois clearly "acquired" the vehicle when he purchased it in 1975.
Appellee argues that since the car did not run prior to the infusion of community money, but runs now because of community money that the car transformed into community property. This fact does not change the classification of the automobile as separate property. This argument is similar to the arguments made by spouses facing the daunting task of separating commingled funds in community accounts. Generally, when separate funds are commingled with community funds to the extent that the separate funds are no longer capable of identification, and it is impossible to trace the origin of the funds, then all of the funds are considered community. Cutting v. Cutting, 625 So.2d 1112, 1115(La.App. 3 Cir.1993), citing Thibodeaux v. Thibodeaux, 577 So.2d 758(La.App. 1st Cir.1991). However, commingled property is only regarded as community when community and separate funds are mingled in the initial acquisition or when separate funds are commingled with community funds so indiscriminately that the separate funds cannot be identified or differentiated from the community funds. Gautreau v. Gautreau, 96-1548 (La.App. 3 Cir. 6/18/97), 697 So.2d 1339, 1351.
Neither circumstance exists in the case of Mr. Bourgeois's vehicle. There was extensive testimony at the trial court and a detailed exhibit included with Ms. Bourgeois's Sworn Detailed Descriptive list, and introduced into evidence, itemizing the exact amount, check number, payee, and purpose of all sums spent for the restoration of the 1960 Chevy. Unlike the cases described above, here the evidence introduced permits a clear trace of all of the community funds infused into the separate property. There has not been an "indiscriminate commingling" as Mr. Bourgeois argues. What occurred is clear. Readily identifiable community funds from an account designated as a community account were used to improve a separate asset. Ms. Bourgeois is entitled to a reimbursement for one half of those funds.
A contrary finding would jeopardize prior holdings by this Court and the Louisiana Supreme Court regarding the post-termination classification of a spouse's separate property. Marrying spouses entering into a community regime with their *791 own separate assets, and no separate property agreement to protect those assets from community treatment would also face potentially disastrous consequences in the event of termination. Accordingly, this Court finds that the trial court's finding that the 1960 Chevy Brookwood is community property is manifestly erroneous.
In her second assignment of error, appellant argues that, in finding that the vehicle was community property, the trial court improperly denied her reimbursement claim. According to La. C.C. art. 2366:
If community property has been used for the acquisition, use, improvement, or benefit of the separate property of a spouse, the other spouse it entitled upon termination of the community to one-half of the amount or value that the community property had at the time it was used.
According to the testimony of both parties and the evidence presented $54,194.00 in community funds were spent on the improvement of Mr. Bourgeois's separate property. The civil code permits that Ms. Bourgeois should be reimbursed for one-half of the value of the community property used to improve Mr. Bourgeois's separate property. Accordingly, Ms. Bourgeois is entitled to a reimbursement in the amount of $27,097.00.[1]
Finally, in his answer to this appeal, appellee asserts as error that eleven items of immovable property were incorrectly classified as community property when they should have been classified as his separate property. However, Mr. Bourgeois did not present any evidence at trial of the separate nature of these eleven items. The court properly presumed the items were community, in accordance with La.C.C. art. 2340, as the items were in the possession of both parties during the existence of the community and no evidence was presented to overcome this presumption. We find no error in the trial court's finding in this regard.

DECREE
Accordingly, for the reasons stated above, we affirm that portion of the judgment classifying the following movables as community property: sixteen (16) replica automobiles, bed, dresser, chest of drawers, night stand, Gold Star television, Craftsman table saw, Makita wood planer, hand and power tools, antique sewing machine, and antique table described on page 8 of the trial court's "Reasons for Judgment." We reverse that portion of the judgment declaring the 1960 Brookwood automobile to be community property. We render judgment and declare that the 1960 Brookwood automobile is separate property. Therefore, we render judgment in favor of Ms. Bourgeois and against Mr. Bourgeois in the amount of $27,097.00, representing one-half the value of the community funds used to improve Mr. Bourgeois' separate property. In all other respects, the judgment is affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.
NOTES
[1] There is no evidence in the record that the appellee ever opposed or contested the appellant's assertion that $54,194.00 in community funds was expended to improve the asset at issue. To the contrary, Mr. Bourgeois testified that exactly $54,194.00 was spent on the car.