FREDERICKS HOMBERG WICKER, Judge.
 

 L.This is a case about an allegation of past due child support and what credits, if any, should be allowed to offset the past due child support award. Monica Madere Bourgeois (“Ms. Bourgeois”) appeals a judgment of the trial court denying a Rule for Contempt against her former husband Thomas James Bourgeois (“Mr. Bourgeois”) and granting Mr. Bourgeois’s request for credit against back due child support for his payment of half of the home mortgage note and credit for utility payments made to Entergy, Atmos, and St. Charles Water Works. Mr. Bourgeois
 
 *433
 
 also claimed credits against back due child support for certain dental expenses and other extraordinary expenses on behalf of his children, however, the trial court refused to grant credits for those payments. Ms. Bourgeois appeals only the portion of the trial court’s judgment granting Mr. Bourgeois credits for mortgage note payments and utility payments. For the foregoing reasons, we reverse and remand.
 

 FACTS AND PROCEDURAL HISTORY
 

 The relevant facts are as follows. Mr. Bourgeois and Ms. Bourgeois were married on October 20, 1990, in Raceland, Louisiana. Two children, Lillie Marie Bourgeois and Beau Thomas Bourgeois, were born of the marriage. On October |⅞15, 2004, Mr. Bourgeois filed a Petition for Divorce pursuant to La. C.C. art. 102. In that pleading, Mr. Bourgeois requested,
 
 inter alia,
 
 custody of the two children of the marriage, child support, use of the family home, and a preliminary injunction preventing Ms. Bourgeois from alienating community property. A Judgment of Divorce Under Civil Code Art. 102 was rendered on June 21, 2005.
 

 There are three earlier judgments which must be considered in reviewing the fourth judgment rendered in this appeal, which is the final judgment appealed from. They are as follows: (1) an August 3, 2005 consent judgment, (2) an August 25, 2006 considered judgment fixing child support and mortgage payments, and (3) a July 17, 2007 considered judgment partitioning the community following a trial.
 

 On August 3, 2005, Mr. Bourgeois and Ms. Bourgeois entered into a consent judgment. Under the terms of that judgment, Ms. Bourgeois was awarded temporary use of the matrimonial domicile. Mr. Bourgeois agreed to “continue to pay the bills he is presently paying, namely, the electricity, gas and the water and sewage.” In the same paragraph of the consent judgment, Mr. Bourgeois further agreed to “pay to Ms. Bourgeois the sum of $250.00 per month in spousal support.” In addition, the court ordered “that Mrs. Bourgeois will continue to reside in the former matrimonial domicile, and Mr. Bourgeois will continue to pay the mortgage note and will be reimbursed for any equity he pays directly, and has paid since the filing of this proceeding.” The consent judgment made no mention of child support, nor did it indicate which of Mr. Bourgeois’s payments, if any, were to be treated as child support. The issues addressed in the consent judgment were spousal support, custody of the children, and tax considerations. In the consent judgment, Mr. Bourgeois did not reserve his right to rental reimbursements for Ms. Bourgeois’s use and occupancy of the family home.
 

 14On April 24, 2006, Ms. Bourgeois filed a Rule for Extension of Interim Spousal Support Pending Determination of Demand for Final Spousal Support. The Rule came on for hearing on July 27, 2006 and the trial court rendered judgment on August 25, 2006. The August 25, 2006 judgment fixed child support in the amount of $1,284.00 per month “retroactive to the date of filing,” that is, retroactive to October 15, 2004 (the date on which Mr. Bourgeois requested child support in his Petition for Divorce). In its Reasons for Judgment, the trial court noted that since the “amount of child support as required by the child support guidelines, when added to Ms. Bourgeois’ income, will not adequately cover living expenses ... the Court will also order Mr. Bourgeois to continue paying one-half of the house note.” The trial court also ordered Ms. Bourgeois and Mr. Bourgeois “to each pay one-half of the monthly mortgage note on the former matrimonial domicile ... pending further orders of this court.” The
 
 *434
 
 August 25, 2006 judgment did not reflect that there had been a demand made by Mr. Bourgeois for rental reimbursement. Mr. Bourgeois did not appeal the August 25, 2006 judgment, thus, that judgment is final.
 

 On June 15, 2007, trial commenced on the community property partition and the Rule for Extension of Interim Spousal Support Pending Determination of Demand for Final Spousal Support. On July 17, 2007, the trial court rendered a judgment partitioning the community and denying the rule for extension of interim spousal support. The court found that Mr. Bourgeois was entitled to a reimbursement of $19,738.44 for one-half of the payments he made on the mortgage note between November 2004 and August 2006. Mr. Bourgeois also requested reimbursements for payments made to Entergy, Atmos, and St. Charles Parish Waterworks, however, the trial court refused to grant reimbursements for those payments. In its Reasons for Judgment the trial court found that all three |fipayments were in “fulfillment of Mr. Bourgeois’s alimentax*y obligation to his family.”
 
 [1]
 
 The Reasons for Judgment did not indicate which of Mr. Bourgeois’s payments, if any, were to be treated as child support. Apparently, Mr. Bourgeois did not reserve his right to rental reimbursements at any time prior to the community property trial for Ms. Bourgeois’s use and occupancy of the family home, as this was not addressed in the courts July 17, 2007 judgment.
 

 Ms. Bourgeois appealed the July 17, 2007 judgment. She alleged that the trial court erred in determining that an automobile Mr. Bourgeois purchased prior to marriage was community property. She also requested a reimbursement for her portion of the community property used to improve the vehicle. This Court reversed the portion of the July 17, 2007 judgment declaring the automobile to be community property and rendered judgment in favor of Ms. Bourgeois in the amount of $27,097, which sum represented one-half of the community funds Mr. Bourgeois used to improve the automobile.
 
 Bourgeois v. Bourgeois,
 
 07-892 (La.App. 5 Cir. 4/29/08), 981 So.2d 788. Mr. Bourgeois did not appeal the trial court’s July 17, 2007 judgment nor seek writs to the Louisiana Supreme Court from this Court’s April 29, 2008 decision. That judgment is therefore now final.
 

 On April 17, 2008, Ms. Bourgeois filed a Rule for Contempt with the trial court. In the Rule, Ms. Bourgeois alleged that Mr. Bourgeois owed her $29,113.52 in retroactive child support for the period beginning in November 2004 and ending in August 2006. Mr. Bourgeois responded that he should be given credit against back due child support for his payments of the mortgage note and utilities of the family home, certain dental expenses, and other extraordinary expenses on behalf of his children. As Mr. Bourgeois had already received credit for one-half the ^mortgage payments he made between November 2004 and August 2006 in the July 17, 2007 community property judgment, he was seeking credit for the other half of the mortgage payments he had paid during that period. The Rule was heard on June 30, 2008. Ms. Bourgeois testified that Mr. Bourgeois had not paid any retroactive child support as ordered in the August 25, 2006 judgment, though she admitted that Mr. Bourgeois had timely paid all child support after September 2006. Mr. Bourgeois testified that after the filing of the divorce
 
 *435
 
 action, he began keeping a ledger itemizing his mortgage and utility payments, certain dental expenses, and other extraordinary expenses on behalf of his children.
 

 On August 25, 2008, the trial court rendered judgment denying Ms. Bourgeois’s Rule for Contempt. In its Reasons for Judgment, the trial court noted that “Mr. Bourgeois’ total credit toward the retroactive child support for the mortgage payments he made is $23,443.44.” The court reasoned that “Mr. Bourgeois’ spousal support is specified in the [August 3, 2005 consent] judgment, but his child support is not, [thus], the Court finds that the parties intended the mortgage payments to be part of Mr. Bourgeois’ child support obligation.” The court awarded Mr. Bourgeois a credit of $3,334.05 paid to Entergy toward his retroactive child support, a $988.84 credit paid to Atmos toward his retroactive child support, and a credit of $1,263.27 paid to St. Charles Parish Waterworks toward his retroactive child support. The court declined to award Mr. Bourgeois credits for payments made to his children’s dentist, the children’s counselor, the children’s child care provider, and to Lillie Bourgeois’s dance studio.
 

 LAW AND DISCUSSION
 

 Ms. Bourgeois filed this timely appeal and assigns a sole error to the proceedings below. She alleges that the trial court erred in granting Mr. Bourgeois credits against his retroactive child support obligation for amounts previously 17determined to have been paid as interim spousal support. Thus, Ms. Bourgeois appeals only the portion of the trial court’s judgment granting Mr. Bourgeois credits for the mortgage note payments and utility payments.
 

 In support of the assignment of error, Ms. Bourgeois makes the following arguments:
 

 1. The child support credit for mortgage payments constitutes the retroactive grant of a rental credit which was not requested, contrary to
 
 McCarroll v. McCarroll,
 
 96-2700 (La.10/21/97), 701 So.2d 1280.
 

 2. The question of the requested mortgage payment credits was previously presented to the trial court, and was rejected.
 

 3. The belated grant of a child support credit for mortgage payments creates a reimbursement claim in favor of Monica Bourgeois.
 

 4. The grant of a credit against child support for mortgage payments would affect the computation of the community equalizing payment.
 

 5. The credit granted for the payment of utility expenses is also barred by the earlier final judgment.
 

 Retroactive Rental Reimbursements
 

 We agree with Ms. Bourgeois’s position that the trial court’s award of a credit against back due child support for Mr. Bourgeois’s payment of half of the home mortgage note constituted an improper retroactive grant of a rental credit.
 

 La. R.S. 9:374(C) provides:
 

 A spouse who uses and occupies or is awarded by the court the use and occupancy of the family residence pending either the termination of the marriage or the partition of the community property in accordance with the provisions of R.S. 9:374(A) or (B) shall not be liable to the other spouse for rental for the use and occupancy, except as hereafter provided. If the court awards use and occupancy to a spouse, it shall at that time determine whether or not to award rental for the use and occupancy and, if so, the amount of the rent. The parties may agree to defer the rental issue for decision in the partition pro
 
 *436
 
 ceedings. If the parties agreed at the time of the award of use and occupancy to defer the rental issue, the court may make an award of rental retroactive to the date of the award of use and occupancy.
 

 (emphasis added)
 

 In
 
 McCarroll v. McCarroll,
 
 96-2700 (La.10/21/97), 701 So.2d 1280, the Louisiana Supreme Court held that “that rental payments may not be retroactively assessed under La. R.S. 9:374(C) unless otherwise agreed by the spouses or ordered by the court.” Public policy also weighs heavily against the retroactive award of rent under La. R.S. 9:374(C); retroactive assessment of rent is extremely prejudicial to the occupying spouse.
 
 Id.
 
 at 1290.
 

 An agreement or court order envisioned by the
 
 McCarroll
 
 opinion is not extant in the record. None of the three previous judgments in this case ordered Ms. Bourgeois to pay rent for her use and occupancy of the family home. Nor is there evidence that Mr. Bourgeois purported to reserve his right to rental reimbursements for Ms. Bourgeois’s use and occupancy of the family home in either the August 3, 2005 consent judgment, the August 25, 2006 consider child support and custody judgment or the July 17, 2007 considered judgment partitioning the community. Mr. Bourgeois had already been awarded a reimbursement for one-half of the mortgage note payments he made between November 2004 and August 2006 in the July 17, 2007 judgment following the community property trial. We note that this action by the trial court was appropriate; Mr. Bourgeois used his own separate property to satisfy a community obligation and is therefore entitled to a reimbursement.
 
 See
 
 La. C.C. art. 2365. However, we agree that awarding Mr. Bourgeois a credit against back due child support for the
 
 other
 
 half of the home mortgage note payments constituted a retroactive grant of a rental credit. In this case, the grant of a retroactive rental credit is clearly improper because there was no agreement between the parties in the record, there is no court order addressing rental payments in the record, and Mr. Bourgeois did not reserve his right to request rental credits. Moreover, Mr. Bourgeois did not file a rule for rent, which is the proper procedural vehicle for |9recovering retroactive rental payments. The fact that Mi*. Bourgeois now, at this late hour, seeks to call these mortgage payments child support does not change the character of this claim to anything other than a rental reimbursement claim.
 

 Mortgage Payments
 

 Neither the August 3, 2005 consent judgment, the August 25, 2006 judgment fixing child support, nor the July 17, 2007 community property judgment contains language upon which the trial court could base its finding that those mortgage payments were child support.
 

 The August 3, 2005 judgment contained no discussion of child support, nor did it indicate which of Mr. Bourgeois’s payments were to be later credited against past due child support. The only issues addressed in the consent judgment were spousal support, custody and tax considerations. Thus, there is no basis in that judgment upon which the trial court could infer that the parties intended any payments agreed upon in that judgment, including both the mortgage and utilities payments, to be anything other than spousal support. The August 25, 2006 judgment did not expressly address any spousal support matters. However, the trial court’s Reasons for Judgment indicated that Mr. Bourgeois’s
 
 child support
 
 payments were not sufficient to sustain Ms. Bourgeois’s living expenses. Thus, the trial court ordered Mr. Bourgeois to continue
 
 *437
 
 paying one-half of the mortgage note on the matrimonial domicile. This implies that Mr. Bourgeois’s continued payment of one-half of the mortgage note was for the benefit of Ms. Bourgeois. Put differently, the August 25, 2006 Reasons for Judgment imply that Mr. Bourgeois’s continued payment of the mortgage note was spousal support rather than child support. If the court had intended the ongoing payments of the mortgage note to be considered child support, or to be credited against past due Imchild support, that language should have been contained within the judgment. It was not.
 

 The July 17, 2007 partition judgment did not directly address any child support issues. However, in its Reasons for Judgment, the trial court noted that “[sjince the parties determined the amount of interim spousal support due [in the August 3, 2005 consent judgment], the Court will not alter their agreement.”
 

 In addition, this Court notes that the pleadings that resulted in the August 3, 2005 judgment, the August 25, 2006 judgment, and the July 17, 2007 judgment are not extant in the appellate record. We cannot surmise whether Mr. Bourgeois previously argued that he was entitled to reimbursements or that he was entitled to credits against back due child support for mortgage payments. We can only examine the judgments and the several Reasons for Judgment issued by the trial court. Based on those documents, there is no support in the record for the trial judge’s determination that “the parties intended the mortgage payments to be part of Mr. Bourgeois’ child support obligation.” Again, if the court had intended one-half of Mr. Bourgeois’s mortgage payments to be offset against child support, the court could have so stated in its July 17, 2007 lengthy Reasons for Judgment following the community property trial. When child support arrearages are alleged by a spouse, the burden of proving a credit against the obligation is upon the spouse alleging the credit.
 
 See, e.g., Pennison v. Pennison,
 
 542 So.2d 666, 669 (La.App. 5 Cir.1989). Mr. Bourgeois has not met his burden of proving that he is entitled to credits against child support for mortgage note payments.
 

 Utility Payments
 

 Similarly, we conclude that Mr. Bourgeois is not entitled to a credit against back due child support for payments made to Entergy, Atmos, and St. Charles Water Works. The “electricity, gas and the water and sewerage” bills paid by Mr. |, bourgeois pursuant to the August 3, 2005 consent judgment were contained in the same paragraph wherein Mr. Bourgeois was ordered to pay “$250.00 per month in spousal support.” (emphasis added). Again, there is no basis in the August 3, 2005 consent judgment upon which the trial court could infer that the utilities were being paid as a part of child support. As previously mentioned, the August 3, 2005 judgment only discussed spousal support, custody of the Bourgeois children, and tax considerations; child support was not addressed. The utility payments were not expressly mentioned in the August 25, 2006 child support judgment or the trial court’s August 25, 2006 Reasons for Judgment.
 

 In the August 25, 2006 child support judgment, the trial court awarded past due child support. The record on appeal is silent regarding any attempt by Mr. Bourgeois to obtain a credit against the past due child support ordered in that judgment for his payment of his half of one half of the mortgage (Ms. Bourgeois as a result of that judgment would pay one-half of the mortgage payment) or for his payment of utilities for the period beginning August 3,
 
 *438
 
 2005. If Mr. Bourgeois intended to seek credit against past due child support for mortgage and utilities payments the time to do so would have been during the custody and child support hearing which eventuated in the August, 2006 judgment. Since such credit is addressed in neither the August, 2005 consent judgment or the August, 2006 custody and child support judgment we must assume the issue was not raised.
 

 In the July 15, 2007 partition judgment, the court addressed various reimbursements claims made by the parties. The July 15, 2007 partition judgment denied reimbursement for payments made to En-tergy, Atmos, and St. Charles Water Works. In its extensive Reasons for Judgment, the trial court noted that payments to all three utilities were part of Mr. Bourgeois’s “alimentary obligation.” If the court was of a mind that the utilities reimbursements were to be 112had against child support rather than as an offset claim within the community property context, it could have so stated in its extensive Reasons for Judgment. As the pleadings filed in connection with the community property partition are not a part of the record on appeal, we do not know the manner in which Mr. Bourgeois couched his request for reimbursement of the utilities paid.
 

 A judgment partitioning community property is a final judgment and is therefore appealable when it determines the merits “in whole or in part.”
 
 See, e.g., Mason v. Mason,
 
 40,804 (La.App. 2 Cir. 4/19/06), 927 So.2d 1235; La. C.C.P. art. 1841. Mr. Bourgeois did not appeal the July 15, 2007 partition judgment, thus, that judgment is now final.
 

 La. R.S. 13:4231 provides:
 

 Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
 

 * ⅜ *
 

 (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
 

 We do not have the benefit of examining the pleadings that resulted in the July 15, 2007 judgment. We assume that Mr. Bourgeois asserted his entitlement to reimbursements for payments made to En-tergy, Atmos, and St. Charles Water Works at that time as that issue was specifically addressed in the judgment. The trial court denied that request without reserving to Mr. Bourgeois the right to raise the claim later as a credit against past due child support. Mr. Bourgeois is therefore precluded from requesting reimbursements for payments made to Entergy, At-mos, and St. Charles Water Works.
 

 Moreover, we note that La. C.C.P. art. 425 provides that “[a] party shall assert all causes of action arising out of the transaction or occurrence that is the ^subject matter of the litigation.” A failure to do so precludes re-litigation of the same issue in a different cause of action between the same parties.
 
 See Stroscher v. Stroscher,
 
 2001-2769 (La.App. 1 Cir. 2/14/03), 845 So.2d 518. There is no documentation in the appellate record that Mr. Bourgeois ever sought reimbursement of utilities paid as a credit against child support. The July 15, 2007 partition judgment did not address child support. We must conclude that Mr. Bourgeois did not previously assert his entitlement to credits against back due child support for payments made to Entergy, Atmos, and St. Charles Water Works in the pleadings preceding the community property trial and the ensuing July 15, 2007 judgment. Mr. Bourgeois had
 
 *439
 
 three opportunities to seek a credit against past due child support for utilities payments, the last being during the litigation of reimbursement claims in the community propei'ty trial prior to the July 15, 2007 partition judgment. He cannot claim credit for those payments now.
 

 Prohibition Against “Self-Help
 
 ”
 

 Finally, we note that the general rule in Louisiana is that an spousal or child support judgment remains in effect until the party liable has it modified or terminated by the court.
 
 Halcomb v. Halcomb,
 
 352 So.2d 1013 (La.1977);
 
 Ramos v. Ramos,
 
 425 So.2d 989 (La.App. 5 Cir.1983). The policy reason behind this rule is obvious; the law does not want to encourage those owing spousal or child support to become involved in “self-help” by making their own determinations as to when they have satisfied their spousal or child support obligations by some method other than payment in accordance with the court order.
 
 See, e.g., Vallaire v. Vallaire,
 
 433 So.2d 315 (La.App. 1 Cir.1983);
 
 LaFleur v. LaFleur,
 
 490 So.2d 1145 (La.App. 3 Cir.1986). In the instant case, Mr. Bourgeois essentially made his own determination that he should not have to pay retroactive child support, even though the August 25, 2006 judgment clearly obligated him to do so.
 

 |14CONCLUSION AND DECREE
 

 For the foregoing reasons, the judgment of the trial court is reversed. This matter is remanded to the trial court for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . We note that an "alimentary obligation” is defined as "what is necessary for the nourishment, lodging, and support of the person who claims it.” La. C.C. art. 230;
 
 Callender v. Callender, 625
 
 So.2d 257, 264 (La.App. 5 Cir.1993).