558 So.2d 216 (1990)
Catherine CROWELL
v.
CITY OF ALEXANDRIA Through Mayor John K. SNYDER, et al.
No. 89-C-1548.
Supreme Court of Louisiana.
March 12, 1990.
*217 Chris J. Roy, Chris J. Roy, Jr., Alexandria, for applicant.
DeWitt T. Methvin, Jr., Charles F. Nunnally III, Gist, Methvin, Hughes & Munsterman, Alexandria, for respondent.
MARCUS, Justice.
Catherine Crowell filed suit against the City of Alexandria to recover damages sustained by her in a one-car accident. More than one year after the accident, she filed a supplemental and amending petition to add Deborah A. Marzula as a defendant.[1] Crowell filed a second supplemental and amending petition asking for exemplary damages because of Marzula's alleged intoxication.
The accident occurred at about 6:30 P.M. on September 7, 1984 in the City of Alexandria. Crowell and Marzula testified that they had been drinking together for about two and one-half hours before the accident. Crowell admitted drinking two and one-half white Russians and at least part of a margarita. Marzula admitted drinking two beers and a margarita. She further testified that the two shared a six-pack of beer, but Crowell denied drinking any beer. After Marzula dropped Crowell off at her car, Crowell proceeded down Hill Street. She testified that, as she approached the intersection of Hill and Hickory, she heard someone yelling. She turned to look and saw Marzula beside her on her left. Crowell said that Marzula was asking her where she was going. The next thing Crowell heard was a loud noise at the front of her car. Marzula testified that she did pass Crowell, but stated that she did not yell anything to her. Marzula said that she had completed her passing maneuver and was about one-half block ahead of Crowell when the accident occurred. Through her rearview mirror, Marzula saw Crowell's car go off to the right and hit a drainage culvert. She then turned around to go back to the scene. After hitting the drain, Crowell apparently lost control of her car. Both tires on the right side of the car were blown out. Crowell was thrown from the auto, which came to rest against a tree in a residential yard. She suffered multiple abrasions and lacerations and underwent surgery to close two open lacerations on her lower left thigh. She was hospitalized for one night. At trial, Crowell introduced photographs of drainage culverts located along Hill Street including the culvert at the accident scene of Hill and Hickory. The photographs also show repair work underway on a culvert at Hill and City Park Boulevard.
After the plaintiff had completed the presentation of her evidence, the defendants moved for dismissal of Crowell's suit against them. After argument on the motions, the trial judge concluded that Crowell had simply drifted to the right into the *218 gutter portion of the street. In reviewing the photographs, he referred to the culvert under repair at Hill and City Park rather than the culvert at the accident scene. Considering the barricade surrounding the repair site, he erroneously concluded that the culvert at the accident scene was well-marked. Based on these conclusions, the judge found no liability on the part of the City. He also concluded that Crowell had not established any negligence on the part of Marzula. Therefore, the judge granted the motions for involuntary dismissal and entered judgment in favor of the City and Marzula and against Crowell dismissing her suit at her costs. The court of appeal affirmed concluding that the judge's mistaken impression that the culvert at the accident scene was under repair was not significant.[2] Upon Crowell's application to this court, we granted certiorari to determine the correctness of that decision.[3]
La.Code Civ.P. art. 1672(B) provides that:
In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.
Upon a motion for an involuntary dismissal in a nonjury case, the judge must evaluate all the evidence, without any special inferences in favor of the opponent to the motion, and grant the dismissal if the plaintiff has not established proof by a preponderance of the evidence. Bartley v. Pailet, 527 So.2d 430 (La.App. 4th Cir.), cert. denied, 532 So.2d 115 (La.1988); Fuller v. Wal-Mart Stores, Inc., 519 So.2d 366 (La. App. 2d Cir.1988); Tillotson v. Undisclosed Ins. Co., 486 So.2d 918 (La.App. 1st Cir.), cert. denied, 488 So.2d 1026 (La.1986). Proof by a preponderance of the evidence means that the evidence, taken as a whole, shows that the fact or cause sought to be proven is more probable than not. Marcotte v. Travelers Ins. Co., 258 La. 989, 249 So.2d 105 (1971).
The issue presented is whether Crowell has established, by a preponderance of the evidence, a right to relief from the City and, if so, whether she has also established, by a preponderance of the evidence, a right to relief from Marzula.

CITY OF ALEXANDRIA
Crowell alleges that the City was strictly liable and/or negligent in its failure to protect motorists from the drainage culvert. The premise of strict liability is found in La.Civ.Code art. 2317 which provides in pertinent part:
We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody.
An injured party seeking damages under art. 2317 need not prove negligence, that is, that any particular act or omission on the part of the defendant caused the injuries. He must only prove that the thing which caused the damage was in the care or custody of the defendant, that the thing had a vice or defect, that is, that it occasioned an unreasonable risk of injury to another, and that the injury was caused by the defect. Once these elements are proven, the custodian can escape liability only by showing that the harm was caused by the fault of the victim, by the fault of a third person, or by an irresistible force. Riche v. City of Baton Rouge, 515 So.2d 765 (La.1987); Shipp v. City of Alexandria, 395 So.2d 727 (La.1981). Municipalities and other public bodies have been held strictly liable for damages caused by things in their custody. Jones v. City of Baton Rouge, 388 So.2d 737 (La.1980). Moreover, this court has approved the application of comparative *219 fault principles to strict liability cases involving public property. Landry v. State, 495 So.2d 1284 (La.1986).
First, Crowell's testimony that Hill Street is located in the City of Alexandria was not contradicted. A police officer with the Alexandria Police Department was dispatched to investigate the accident. Further, Anthony S. D'Angelo, the Director of the Public Works Department for the City of Alexandria in September 1984, testified that the city department was doing repair work on culverts along Hill. Thus, the evidence supports a finding that the culverts along Hill Street were in the care or custody of the City. Second, the photographs of drainage culverts along Hill Street show that the culvert which Crowell hit appears to extend twice as far into the street from the curb as the other drains pictured. This opinion is supported by D'Angelo. He testified that the culvert, known as a cross drain, may be twice as wide as others along Hill Street. The photographs show that the cross drain extends beyond the gutter into the travel portion of the street. Also, the photographs show that Hill Street is not striped to designate travel lanes so no markings prohibit motorists from driving along their far right side of the street. No signs are seen which would alert drivers to the location of the cross drain. Photograph No. 15 is reproduced to help visualize the accident scene:

Moreover, D'Angelo testified that the City was doing repair work on other culverts to prevent people from "falling off" into them. Hence, the evidence supports a finding that the cross drain is defective, that is, it occasioned an unreasonable risk of injury to Crowell. Finally, Marzula's eyewitness testimony that she saw Crowell "go off to the right and hit the drain" is not controverted. Photographs of the car show that both tires on the right side of the car blew out, which is consistent with impact with a drainage culvert causing Crowell to lose control of the car. Thus, the evidence supports a finding that the cross drain was a cause of Crowell's injuries. Consequently, Crowell has proven, by a preponderance of the evidence, the elements of a strict liability *220 claim against the City. The trial judge was clearly wrong in granting the City's motion for involuntary dismissal. The court of appeal erred in affirming that judgment. The case must be remanded to the district court to complete the trial. Having thus concluded, we do not reach the issue of the City's alleged negligence.

DEBORAH A. MARZULA
Crowell alleges that Marzula was negligent in the operation of her vehicle and in shouting to Crowell. The standard of conduct required of persons in Louisiana in their relationships with one another as a basis of delictual liability is set forth in La.Civ.Code arts. 2315 and 2316.
Article 2315 provides in pertinent part:
Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
Article 2316 provides that:
Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill.
Accordingly, under these articles, the elements of a cause of action are fault, causation, and damage. The conduct of which the plaintiff complains must be a cause-in-fact of the harm. After determining causation, the court must also determine what was the duty imposed on the defendant, and whether the risk which caused the accident was within the scope of the duty. A breach of a duty on the part of the defendant which was imposed to protect against the risk involved makes the offender negligent under the above articles. Morris v. Orleans Parish School Bd., 553 So.2d 427 (La.1989).
In the instant case, Crowell testified that she heard someone yelling as she was driving down Hill Street. She turned her head to the left to see Marzula beside her. The next thing Crowell heard was a loud noise at the front of the car. Marzula testified that she did not yell to Crowell and that she did not invade Crowell's lane. Further, she said that she had completed her passing maneuver and was one-half block ahead of Crowell when the accident occurred. Through her rearview mirror, she saw Crowell's car go off to the right and hit the drainage culvert. No evidence was offered to prove that Marzula was speeding or that she passed in a no-passing zone. The investigating officer testified that he knew of no prohibitive passing indicators on Hill Street. Under these circumstances, we conclude that Crowell failed to prove by a preponderance of the evidence that Marzula's conduct was a cause-in-fact of the accident. Hence, the trial judge was correct in granting Marzula's motion for involuntary dismissal. The court of appeal properly affirmed. Therefore, further inquiry into the negligence of Marzula and the claim for exemplary damages is not necessary.

DECREE
For the reasons assigned, the judgment of the court of appeal is affirmed in part, reversed in part, and remanded. The involuntary dismissal granted in favor of Deborah A. Marzula is affirmed at plaintiff's costs. The involuntary dismissal granted in favor of the City of Alexandria is reversed. The case is remanded to the district court for completion of the trial against the City of Alexandria with costs to be fixed at the conclusion of the trial.
DENNIS, J., concurs with reasons.
DENNIS, Justice, concurring.
I respectfully concur, but I disagree with the perhaps inadvertent statement that "this court has approved the application of comparative fault principles to strict liability cases involving public property." Maj. op. at pp. 219-20. We did not so hold in Landry v. State, 495 So.2d 1284 (La.1986). Rather, that case merely held that comparative fault principles should be applied to a negligent recreational fisherman whose equipment kept him from seeing an obvious hole in the seawall upon which he was walking. We expressly stated in Landry that comparative fault principles should be applied to strict liability cases "on a case by case basis and as the facts and circumstances lead the courts to do so." 495 *221 So.2d at 1290. In light of this precedent, the majority should not casually state that henceforth comparative fault will be applicable to all cases involving public property. Nevertheless, I concur in the result because I agree that comparative fault principles should be applied in the case at bar.
I also respectfully disagree with another, perhaps unintended, implication of the majority opinion. The majority apparently engages in a de novo review of the evidence to determine that Marzula was not guilty of any negligence. When reviewing an involuntary dismissal following presentation of the plaintiff's case pursuant to La.C.C.P. art. 1672(B), the reviewing court should not engage in such a de novo evaluation of the evidence. Because the judge determines that the plaintiff has not borne his burden of proof, such a dismissal is essentially identical to a judgment for the defendant following full trial, and the appellate court should give the same deference to facts found in support of the dismissal as it gives to factual findings in other cases: The court should affirm unless the facts found are manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Co., 283 So.2d 716 (La.1973). This is consistent with the federal authorities interpreting Fed.R.Civ.P. 41(b), the source provision of article 1672(B). See Reimer v. Smith, 663 F.2d 1316 (5th Cir.1981); Robinson v. M/V Merc Trader, 477 F.2d 1331 (5th Cir.1973); Weissinger v. United States, 423 F.2d 795 (5th Cir.1970) (en banc); Hersch v. United States, 719 F.2d 873 (6th Cir.1983); Woods v. North American Rockwell Corp., 480 F.2d 644 (10th Cir.1973) (all applying "clearly erroneous" standard of factual review). While I would not absolve Marzula of responsibility under a nondeferential standard of review, I nevertheless concur in the result reached by the majority because I cannot say that the trial court's judgment was clearly wrong.
NOTES
[1] Crowell alleges that Marzula was negligent and, as such, is solidarily liable with the City. La.Civ.Code art. 3503 provides in part that "[w]hen prescription is interrupted against a solidary obligor, the interruption is effective against all solidary obligors and their successors."
[2] 544 So.2d 138 (La.App. 3d Cir.1989).
[3] 551 So.2d 621 (La.1989).