# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-219


DERONZA THOMAS FOBBS

VERSUS

LARRY MARVELL FOBBS


**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 63,002
HONORABLE VERNON B. CLARK, DISTRICT JUDGE

**********

## OSWALD A. DECUIR
## JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, Oswald A. Decuir, Marc T. Amy, and J. David Painter, Judges.

**Painter, J., dissents and assigns written reasons.**

                                                              **REVERSED.**

**Elvin C. Fontenot, Jr.**
**Attorney at Law**
**110 East Texas Street**
**Leesville, LA 71446**
**(337) 239-2684**
**Counsel for Plaintiff/Appellee:**
        **Deronza Thomas Fobbs**

**Andrew L. Randall, Jr.**
**Attorney at Law**
**6128 Masters Drive**
**Shreveport, LA 71129**
**(318) 347-2701**
**Counsel for Defendant/Appellant:**
        **Larry Marvell Fobbs**

**Larry Marvell Fobbs**
**In Proper Person**
**P. O. Box 37921**
**Shreveport, LA 71133**

**DECUIR, Judge.**

Deronza T. Fobbs and Larry M. Fobbs were married in 1989 and divorced in 2000. The couple had two children, both of whom have now reached the age of majority. After the youngest child reached age eighteen, Larry, in proper person, filed a motion to terminate child support payments. In response, Deronza filed a rule for contempt. At the contempt hearing in which Larry represented himself, the trial court found him in contempt and ordered him to pay to Deronza the sum of $12,350.90, plus all costs and $750.00 in attorney fees. Larry has appealed, and for the following reasons, we reverse the judgment rendered against him.

In June of 1999, Larry was ordered to make monthly child support payments in the amount of $903.00 retroactive to February 1, 1999. He was also required to maintain medical and dental insurance on the children during their minority and pay 50% of all medical and dental expenses not covered by such policies. Prior to Larry obtaining employment with the U.S. Post Office, a judgment of arrearage was rendered against him in December of 1999. Subsequent thereto, Larry's paychecks were subject to an income assignment, and he purchased insurance coverage for his children through the Post Office.

The Fobbs' older daughter reached the age of majority in September of 2004. One year later, Larry obtained a judgment reducing his child support obligation to $540.00 per month. On August 6, 2007, the Fobbs' younger daughter turned eighteen. In February 2008, Larry filed a rule to terminate his support obligation, but he continued paying support until November 2008. In the meantime, Deronza responded to the February rule to terminate support by filing a rule for contempt in which she alleged that Larry failed to provide medical and dental insurance for the children for an unspecified period of time after the divorce and failed to reimburse 50% of her out-of-pocket medical expenses from 2001 through 2008. Deronza's

contempt pleadings, however, did not allege a total amount of arrearages and did not include an itemization of any past due payments.

The child support termination and contempt proceedings were heard at separate hearings in which Larry represented himself. At the contempt hearing, Deronza testified that Larry had not provided insurance on the children for perhaps two or two and a half years, offering no documentation of her claim that she incurred the insurance expense for some period of time. She also vaguely remembered that the children's portion of the premiums she paid was probably about $140.00 per month; again, no verification was offered. Deronza also testified that Larry had never paid a judgment of arrearage which had been rendered against him in 1999, an issue which had not been raised in her rule for contempt or at any time between 1999 and 2008.

The documentary evidence submitted in support of Deronza's claim for unreimbursed medical expenses was likewise unreliable. It consisted of uncertified medical bills. One of the bills had handwritten additions, while others indicated insurance payments were pending and nothing was owed by the insured. A number of the bills listed services for Deronza rather than the children. Several of the invoices were clearly duplicitous. Bills for emergency transport, ER visits, and other services are dated after both children reached the age of majority. Some bills for dental services failed to show the name of the office or provider, and one in particular, showing an amount in excess of $6,000.00, appeared to be merely an estimate of proposed dental work. Most telling of all, no document submitted showed definitively that any amount had actually been paid by Deronza.

Representing himself, Larry attempted to cross-examine Deronza. His attempt failed, as the trial court granted opposing counsel's objections as to the relevancy of most of his questions. Larry testified on his own behalf, admitting that he failed to

provide insurance for the children for a ten-month period. He also agreed that he had not reimbursed Deronza for out-of-pocket medical expenses, explaining that he had never received any medical bills for the children and had never been sent a request for payment by Deronza, a fact which she admitted in her testimony. Nevertheless, Larry's testimony indicated that because he realized he had not paid Deronza all that he owed her since their divorce, he chose to continue making child support payments after his youngest child turned eighteen. He asked the court to give him a credit for those payments against any amount he would be found responsible for at the contempt hearing.

The trial court considered Larry's testimony to be an admission of his knowledge of unpaid medical expenses and insurance premiums. Therefore, the court held Larry in contempt and ordered the continuation of the $540.00 per month payments to Deronza until all amounts claimed by Deronza were paid.

An action to recover past due child support in a contempt of court proceeding "requires the trial judge to determine that a party's disobedience of the court's support order constitutes the parent's willful or deliberate refusal to perform an act which was within the power of the parent to perform." *Fink v. Bryant,* 01-0987, p. 7 (La. 11/28/01), 801 So.2d 346, 350. Alleging arrearages and unreimbursed medical expenses in her rule for contempt, Deronza had the burden of proving her claims by a preponderance of the evidence. "'Proof by a preponderance of the evidence means that the evidence, taken as a whole, shows that the fact or cause sought to be proven is more probable than not.' *Crowell v. City of Alexandria,* 558 So.2d 216, 217 (La. 1990)." *Rathborne v. Rathborne,* 06-1518, 07-0870, p. 9 (La.App. 4 Cir. 12/3/08), 999 So.2d 816, 822. In determining whether Deronza met her burden of proof, we

are compelled to review the trial court's credibility determinations and factual findings under the standard of manifest error.

Given the numerous deficiencies in the evidence submitted by Deronza, we find manifest error in the trial court's decision. First, the amount in arrears from the 1999 judgment was not properly prayed for and was not proven with specificity. In fact, Deronza ultimately testified, "I would have to calculate it and see if he has paid that in full." Second, the unreimbursed medical expenses were not proven, as the evidence submitted in support thereof was unreliable and inconclusive, and no expenses were presented to Larry for payment. Third, regarding the cost of insurance premiums allegedly incurred by Deronza, we again find the evidence inconclusive. While Larry admitted that he failed to provide insurance for a ten-month period, Deronza only vaguely remembered paying for insurance for more than two years. Her claim was easily verifiable had she presented the appropriate records as evidence.

Finally, we find the trial court erred in failing to give Larry a credit for overpaid child support. Louisiana law allows a parent to unilaterally cease paying support when "the *youngest* child for whose benefit the award was made attains the age of majority or is emancipated relieving the child of the disabilities attached to minority. La. R.S. 9:315.22(B)." *Chambers v. Saucier*, 06-1290, p. 5 (La.App. 3 Cir. 2/7/07), 949 So.2d 662, 666. In this case, Larry's youngest child reached the age of majority on August 7, 2007. Unrefuted evidence in the record shows that Larry continued to make monthly payments in the amount of $540.00 through November 2008. "When child support arrearages are alleged by a spouse, the burden of proving a credit against the obligation is upon the spouse alleging the credit." *Bourgeois v. Bourgeois*, 2009 WL 1752808, 09-106 (La.App. 5 Cir. 6/23/09), p. 5. Larry met his burden of proof.

In summary, the evidence in the record before us does not support the contempt ruling against Larry. The trial court erred in finding Larry in contempt, in continuing child support payments, in denying Larry a credit for payments made in excess of his obligation, and in ordering Larry to pay attorney fees and all costs of the proceedings below.

Accordingly, the judgment appealed from is reversed in all respects. Costs of this appeal are assessed to Deronza T. Fobbs.

**REVERSED.**

DO NOT PUBLISH

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-219

DERONZA THOMAS FOBBS

VERSUS

LARRY MARVELL FOBBS

**PAINTER, J., dissenting.**

I respectfully dissent from the decision of the majority herein.

The majority finds that the evidence submitted by Deronza was insufficient to support the contempt ruling against Larry. Specifically, it finds that she did not prove the amount of arrears from the 1999 support judgment with specificity, that she did not show either the amount of time that Larry failed to have insurance coverage on the children or the amount she spent on either insurance or their medical expenses. It further finds that the trial court erred in failing to give Larry credit for payments made after the children reached the age of majority.

I disagree and would defer to the trial court's credibility based findings of fact.

> When findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact's findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said.

*Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989) (citations omitted).

The trial court found that although Deronza did not show the period of time for which Larry failed to provide insurance for the children, Larry admitted that he did

not have insurance for a period of ten months. Since Larry did not contest Deronza's testimony that it cost her $140.00 per month to add the children to her health insurance coverage, I would find that the trial court did not err in awarding her an amount representing ten months of premiums at $140.00 per month. Further with regard to the medical expenses claimed, Larry had the opportunity at the hearing to question Deronza about those bills. He did not object to the bills or question Deronza about them. He admitted that he knew that he owed Deronza for medical bills.

Larry further admitted that he had not made any payments on the 1999 contempt judgment because he felt he did not owe it.

Additionally, Larry failed to introduce copies of the checks made after the second child reached the age of majority. Therefore, it is impossible to know to know whether checks were actually sent, to whom they were made out, how many such checks were sent, and whether there was any notation on the checks of the purpose for which they were sent. Larry had the burden of proving these payments, and, the trial court continued a prior hearing in order to give him time to obtain records, but he failed to do so. Under the circumstances, this court cannot while giving the trial court's findings the deference required by the manifest error standard of review, say that the trial court erred in finding that Larry failed to carry his burden of showing payments.

Accordingly, I would affirm the judgment of the trial court.