NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-1367

CONNIE L. PARKER

VERSUS

ELLIOT R. CHAMPAGNE

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 99-8330
HONORABLE LILYNN ANNETTE CUTRER, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Marc T. Amy, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

AFFIRMED.

Henry R. Liles
940 Ryan Street
Lake Charles, LA 70601
(337) 433-8529
Counsel for Defendant-Appellant:
Elliot R. Champagne

Todd H. Melton
P. O. Box 847
Lake Charles, LA 70602-0847
(337) 439-2979
Counsel for Plaintiff-Appellee:
Connie L. Parker

**PICKETT, Judge.**

The appellant, Elliot Champagne, appeals a judgment of the trial court awarding domiciliary custody of his daughter Carley to her mother Connie Parker and finding him in contempt for his failure to pay child support.

## STATEMENT OF THE CASE

Connie Parker and Elliot Champagne are the parents of a ten-year-old daughter. The parties entered into a stipulated judgment on September 11, 2007, naming Elliot as the domiciliary parent subject to visitation by Connie. On June 10, 2008, Connie filed a Rule for Contempt of Court and to Change Custody. She alleged that Elliot had violated the stipulated judgment and it was in the best interest of Carley that Connie be named domiciliary parent. She also claimed that Elliot had failed to pay court-ordered child support from December 1999 to August 2006 and she sought past due payments in the amount of $26,398.90. Connie also asked that the court hold Elliot in contempt of court.

A pretrial conference on the rule was scheduled for July 18, 2008. Elliot failed to appear. A hearing on the rule was held before the trial court on August 19, 2008. Despite evidence that Elliot was served with notice of the hearing by the sheriff, Elliot failed to appear. The trial court heard evidence from Connie. The trial court awarded domiciliary custody to Connie. It also found Elliot in contempt of court for failure to pay child support, sentenced Elliot to fifteen days in jail, suspended the jail sentence, and awarded past due child support in the amount of $26,398.90 plus interest, attorney fees, and child support. The trial court signed a judgment on August 25, 2008.

1

Elliot filed a motion for a new trial, which was denied on September 1, 2009. (The motion for a new trial, the judgment on motion, and the written reasons for the judgment were not designated as part of the record, and therefore are not in the record before us on appeal.) Elliot now appeals the judgment of the trial court.

## ASSIGNMENTS OF ERROR

Elliot asserts five assignments of error:

1. The trial court erred in finding that Connie established a prima facie case for modification of custody.

2. The trial court failed to apply the La.Civ.Code art. 134 factors as required by La.Civ.Code art. 131 in granting the modification of custody.

3. The trial court erred in finding that Connie established a prima facie case for the amount of the child support arrearage.

4. The trial court erred in finding that Connie established beyond a reasonable doubt that Elliot wilfully disobeyed the order to pay support as required for a holding of contempt.

5. The trial court erred in failing to recite the facts constituting the basis for the contempt as required by law.

## DISCUSSION

A trial court's decision in child custody cases is given great weight and will not be disturbed on appeal unless the trial court clearly abused its discretion. *Gremillion v. Gremillion*, 07-942 (La.App. 3 Cir. 10/3/07), 966 So.2d 1228. In order to modify a custody decree to which the parties have consented, the party seeking a modification must show that there has been a material change in circumstances and that the modification would be in the best interest of the child. *Laurence v. Laurence*, 07-11 (La.App. 3 Cir. 5/30/07), 957 So.2d 931, *writ denied*, 07-1322 (La. 7/5/07), 959 So.2d 891.

2

In his first assignment of error, Elliot alleges that Connie failed to prove that a modification of the stipulated custody award was warranted. The trial court was only presented with the testimony of Connie because Elliot failed to appear at the hearing on the rule, despite having been personally served with notice of the hearing. At the hearing, Connie testified that since Elliot had taken custody of Carley, she had completed anger management classes and parenting classes. She has held a job and lives with her elderly parents. She testified that she had completed the requirements to have the DWI charges against her dismissed.

She also testified that Elliot had violated the custody agreement. She testified that Elliot interfered with Connie's weekly visitation "when they have things to do." Elliot did not allow Connie to communicate with Carley because he would either not answer his phone or not allow Carley to call her back. She claimed that Elliot failed to keep her informed about Carley's school work. Despite a rule in the custody agreement giving Connie the opportunity to care for Carley if Elliot was unable to for more than six hours, Connie testified that Elliot left Carley in the care of his ex-girlfriends and neighbors for extended periods. She claimed that Elliot left Carley at gym class an hour after the class was over and that he regularly missed her softball games, allowing his ex-girlfriend to take Carley to the games. She stated that Elliot did not attend to Carley's medical needs and did not provide Connie with an insurance card when she took Carley to the doctor. Further, he failed to schedule appropriate follow-up medical care. She testified that Elliot failed to pay for Carley's after-school activities, that Carley's grades dropped substantially, and that she had missed school. Connie also told the court that Carley's teacher had informed her that

3

Carley showed up to school with poor hygiene and grooming. She also testified that Elliot has had three different girlfriends since he took custody of Carley.

Based on this uncontested evidence, we cannot say that the trial court abused its great discretion in finding that Connie met her burden to establish that a modification of the custody decree was warranted. Connie's testimony established that she had taken steps to correct the circumstances that caused her to agree to vest domiciliary custody with Elliot. Her testimony also established that residing with Elliot had a negative impact on Carley. We will not disturb the trial court's ruling.

Likewise, we find that the trial court did not err in not citing the La.Civ.Code art. 134 factors for determining child custody in its ruling. We find that the uncontested evidence presented by Connie was sufficient to show that it was in Carley's best interest that the trial court name Connie the domiciliary parent. Thus, Elliot's second assignment of error lacks merit.

Elliot's remaining assignments of error concern the portion of the judgment of holding him in contempt of court for past due child support. In *Fobbs v. Fobbs*, 09-219, pp. 3-4 (La.App. 3 Cir. 11/10/09), 25 So.3d 168, 170-71, we discussed the applicable burden of proof and standard of appellate review:

> An action to recover past due child support in a contempt of court proceeding "requires the trial judge to determine that a party's disobedience of the court's support order constitutes the parent's willful or deliberate refusal to perform an act which was within the power of the parent to perform." *Fink v. Bryant*, 01-0987, p. 7 (La.11/28/01), 801 So.2d 346, 350. Alleging arrearages and unreimbursed medical expenses in her rule for contempt, [the petitioner] had the burden of proving her claims by a preponderance of the evidence. "'Proof by a preponderance of the evidence means that the evidence, taken as a whole, shows that the fact or cause sought to be proven is more probable than not.' *Crowell v. City of Alexandria*, 558 So.2d 216, 217 (La.1990)." *Rathborne v. Rathborne*, 06-1518, 07-0870, p. 9 (La.App. 4 Cir. 12/3/08), 999 So.2d 816, 822. In determining whether [the petitioner] met her burden of proof, we are compelled to review the trial

4

court's credibility determinations and factual findings under the standard of manifest error.

In his third assignment of error, Elliot claims that Connie did not prove the amount of child support he owed. In fact, the record shows that from December 15, 1999 through August 14, 2001, Elliot's support obligation was $250 per month. His support obligation was $422 per month from August 15, 2001 through June 2006, when Elliot filed a petition seeking domiciliary custody. Connie testified that the only payments Elliot ever made were two checks for $1,928.01. Thus, the total he owed was $26,398.90. This evidence is sufficient to support her claim, and the trial court did not commit manifest error. We are not persuaded that Local Rule 28, Section G of the Fourteenth Judicial District Court has any bearing on this case. This assignment of error lacks merit.

"A trial court is vested with great discretion to determine whether a party should be held in contempt for willfully disobeying a trial court judgment." *Barnes v. Barnes*, 07-27, p. 9 ( La.App. 3 Cir. 5/2/07), 957 So.2d 251, 257 (citing *Fink v. Bryant*, 01-987 (La. 11/28/01), 801 So.2d 346). Connie testified that when she had attempted to garnish Elliot's wages, he would quit his jobs. We find the trial court had ample cause to hold Elliot in contempt, and did not abuse its discretion.

Finally, Elliot argues that the trial court did not comply with La.Code Civ.P art. 225(B), which states:

> If the person charged with contempt is found guilty the court shall render an order reciting the facts constituting the contempt, adjudging the person charged with contempt guilty thereof, and specifying the punishment imposed.

In the judgment signed by the trial court, after ordering Elliot to pay $26,398.90 in past due child support, the trial court stated:

5

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that ELLIOT RAY CHAMPAGNE be and hereby is found in Contempt of Court for failing to abide by the Court's Orders and, as a consequence of such, he is hereby ordered to serve fifteen (15) days in the Calcasieu Parish Correctional Center, which sentence is suspended and conditioned upon future compliance with the Court's Orders.

We find this to be a sufficient recitation of the facts constituting the contempt as required by the Article 225(B). This assignment of error lacks merit.

## CONCLUSION

The judgment of the trial court is affirmed. Elliot Champagne is cast with costs.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.