| MARK SHUBERT, JOSEPH SEGRETTO AND KEITH NOYA | * | NO. 2021-CA-0186 |
|---|---|---|
| | * | |
| | | COURT OF APPEAL |
| VERSUS | * | |
| | | FOURTH CIRCUIT |
| BOARD OF TRUSTEES OF THE FIRE FIGHTER'S PENSION AND RELIEF FUND, ET AL. | * | |
| | | STATE OF LOUISIANA |
| | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-00399, DIVISION "B-5"
Honorable Rachael Johnson,
* * * * * *
**Judge Terri F. Love**
* * * * * *
(Court composed of Judge Terri F. Love, Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins)

William R. Mustian, III
STANGA & MUSTIAN, APLC
3117 22nd Street, Suite 6
Metairie, LA 70002


COUNSEL FOR PLAINTIFF/APPELLANT


Louis L. Robein, III
ROBEIN URANN SPENCER PICARD & CANGEMI, APLC
2540 Severn Avenue, Suite 400
Metairie, LA 70002

Kevin R. Mason-Smith
ROBEIN URANN SPENCER PICARD & CANGEMI, APLC
2540 Severn Avenue, Suite 400
Metairie, LA 70002


COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**
**NOVEMBER 10, 2021**

*TFL*

*DLD*

*SCJ*

This case involves the judicial review of a public agency decision designating the effective retirement dates of three firefighters. Under a cooperative endeavor agreement and subsequent district court decision between the New Orleans Fire Fighters' Pension and Relief Fund, the City of New Orleans, and the Firefighters Local Union 632, firefighters retiring on or after January 1, 2016 may have their pension benefits offset by supplemental earnings benefits they received. Mark Shubert, Joseph Segretto, and Keith Noya were serving as firefighters when they suffered disabilities due to work-related injuries at different points in 2015. All three applied for retirement and specified the date of their respective injuries as their retirement dates. The Board of Trustees of the Fire Fighters' Pension and Relief Fund for the City of New Orleans (the "Board") met on September 14, 2016 to review their applications for retirement. In that meeting, the Board retired the firefighters, but designated the firefighters' retirement dates as the date of the Board's meeting. The three firefighters appealed the determination of September 14, 2016 as their retirement dates and were denied. Thereafter, the firefighters

1

filed a petition for judicial review in the district court. The district court affirmed the agency's decision. The firefighters lodged the present appeal of the district court's judgment, arguing that the trial court erred in holding that the agency's decision regarding effective retirement dates was not arbitrary and capricious and in failing to review the record to determine if the Board's determination was supported by a preponderance of the evidence. We find that the Board was not obligated to approve the firefighters' requested retirement dates, that it conducted a full review of the firefighters' applications, had a substantial basis for its determination, and made its decision based on a preponderance of the evidence. Accordingly, we affirm the judgment of the trial court.

**FACTUAL AND PROCEDURAL HISTORY**

Mark Shubert, Joseph Segretto, and Keith Noya were employed in 2015 as New Orleans firefighters. On July 12, 2015, Mark Shubert suffered a job-related lower back injury. On September 1, 2015, Joseph Segretto experienced a shoulder injury on the job. On December 12, 2015, Keith Noya sustained a shoulder, knee and back injury in a job-related accident. All three firefighters sought medical care for their injuries and were found to be unable to continue working as firefighters due to the injuries they sustained. Mark Shubert was deemed permanently disabled by his treating physician on July 27, 2016. Joseph Segretto was deemed permanently disabled by his treating physician on June 22, 2016. Keith Noya was deemed permanently disabled by his treating physician on July 25, 2016. A doctor

for the City of New Orleans later agreed that each firefighter was unable to continue work due to the nature of the injuries sustained.

The firefighters filed applications for disability pensions to the Board in 2016, requesting that the date of their respective injuries be used as their effective retirement dates. The Board, which administers the survivor, disability, and retirement benefits of the fund's participants, met on September 14, 2016 to review the three firefighters' applications for retirement. During that meeting, the Board approved their retirement, but designated the firefighters' retirement dates as the date of the Board's meeting. Under a cooperative endeavor agreement and later district court decision between the New Orleans Fire Fighters' Pension and Relief Fund, the City of New Orleans, and the Firefighters Local Union 632, firefighters retiring on or after January 1, 2016 may have their pension benefits offset by supplemental earnings benefits they received. Thus, for a firefighter, there is a financially deleterious effect for a 2016 retirement date.

The three firefighters appealed the Board's determinations and were again denied by the Board. The firefighters then filed a petition for judicial review of the Board's decision in district court. After a bench trial on the matter, the district court ruled in favor of the Board and affirmed the Board's decision designating a September 14, 2016 retirement date for all three.

**DISCUSSION**

*Standard of Review*

Under La. R.S. 49:964, parties aggrieved by an administrative agency decision are entitled to seek judicial review in the district court where the agency is located. "An administrative agency's proceedings and decisions are presumed to be legitimate and correct, and the burden is on the appellant to demonstrate the grounds of reversal or modification." *Holladay v. Louisiana State Bd. of Medical Examiners Eyeglasses*, 96-1740, p. 721 (La. App. 4 Cir. 2/19/97), 689 So. 2d 718, 4-5. If the party is not satisfied with the district court's judgment, appellate review is then available, "as in other civil cases." La. R.S. 49:965. "On review of the district court's judgment, no deference is owed by the court of appeal to factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal.*" Bourgeois v. Louisiana State Racing Comm'n*, 10-0573, p. 7 (La. App. 4 Cir. 11/12/10), 51 So. 3d 851, 856 (quoting *Smith v. State, Dep't of Health and Hospitals*, 39,368, p. 4 (La. App. 2 Cir. 3/2/05), 895 So. 2d 735, 739). The appellate court reviews the "findings and decision of the administrative agency and not the decision of the trial court." *Id.*

The standard of review applied in these administrative agency cases is narrower than in ordinary appeals and the only grounds for appeal are laid out in La. R.S. 49:964(G) of the Administrative Procedure Act ("APA"). *Clark v. Louisiana State Racing Comm'n*, 12-1049, pp. 9-10 (La. App. 4 Cir. 12/12/12), 104 So. 3d 820, 827. That statute enumerates six possible grounds for reversing or modifying administrative agency decisions when substantial rights of the appellant

4

have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority of the agency;
> (3) Made upon unlawful procedure;
> (4) Affected by other error of law;
> (5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
> (6) Not supported and sustainable by a preponderance of evidence as determined by the reviewing court. In the application of this rule, the court shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.

La. R.S. 49:964(G).

In this case, the appellants assert that the fifth and sixth grounds apply and that the decision by the Board regarding effective retirement dates for the appellants was arbitrary and capricious and not supported by a preponderance of the evidence. "An administrative decision is arbitrary when the administrative agency has disregarded evidence or given inappropriate weight to evidence; the decision is capricious when the agency's conclusion has no substantial basis or is contrary to substantiated competent evidence." *Cranford v. Louisiana State Bd. of Practical Nurse Examiners*, 08-0209, p. 23, (La. App. 4 Cir. 10/1/08), 996 So. 2d 590, 602. "Proof by a preponderance of the evidence means that the evidence, taken as a whole, shows that the fact or cause sought to be proven is more probable than not." *Crowell v. City of Alexandria Through Snyder*, 558 So. 2d 216, 218 (La. 1990).

*Assignment of Error*

The appellants' sole assignment of error argues that the trial court erred in holding that the decision of the Board regarding effective retirement dates was not arbitrary and capricious and in failing to review the record to determine if the Board's determination was supported by a preponderance of the evidence.

The appellants and appellee point to two different statutory provisions in support of their contrasting positions. "A statutory provision should be construed with the remaining portions of the statute, but more importantly, all statutes on the same subject matter should be read together and interpreted as a whole." *Lindy Development, L.L.C. v. Degan*, 03-1078, p. 5 (La. App. 4 Cir. 4/21/04), 874 So. 2d 252, 255. The appellants contend that their injuries and resulting disabilities were the reasons for their retirement and that pursuant to La. R.S. 11:3384, firefighters are permitted to designate their effective retirement dates. La. R.S. 11:3384(A)(1) states, in relevant part, that a firefighter "may retire upon his written application to the board setting forth at what time he desires to be retired, provided that, at the time so specified for his retirement, he shall have met the requirements as provided in this Section." The appellants argue that this language imbues them with the right to select their desired retirement dates and that the appellee's designation of another date ignored this provision and renders it meaningless. The appellants further complain that the appellee is financially incentivized to arbitrarily designate 2016 retirement dates in order to apply the previously bargained-for offset to the appellants' pension benefits.

6

In contrast, the appellee relies on La. R.S. 11:3376 to justify its selection of the meeting date as the effective retirement date. La. R.S. 11:3376 is a provision relating specifically to disability retirements and states that:

> **If any member of the fire department while in the active service** of said fire department becomes and **is found to** be totally, **permanently physically** or mentally **disabled for service** in said fire department by reason of service therein, but physically and mentally capable and able to do and perform work of any other reasonable kind or character **and be so found by the said board of trustees by a two-thirds majority vote of its members, the <u>board shall retire the member, place his name on the pension roll, and order immediate payment in monthly installments to him from the pension and relief fund</u>** in a sum equal to one-half the monthly compensation allowed him as salary at the date of his retirement or the amount provided in Subsection F of this Section, if the member meets the conditions of that Subsection, whichever is greater.

La. R.S. 11:3376(B) (emphasis added).

Considering these two statutory provisions together, we first note that the language governing a firefighter's selection of a retirement date is permissive. La. R.S. 11:3384(A)(1) states that a firefighter "may retire" at the time the firefighter sets forth, "upon his written application to the Board." The language "upon his written application to the Board" establishes that the Board's review of the application is a necessary second step. La. R.S. 11:3376(B) details, in the case of disability retirements, how those applications are to be handled and states that upon finding a firefighter to be disabled, the Board is required to immediately retire a firefighter upon the two-thirds majority vote of Board members. The relevant language states that if a firefighter is "found" to be disabled by the two-thirds vote of the Board, the Board "shall retire the member" and "order immediate payment in monthly installments to him from the pension and relief fund." La. R.S.

7

11:3376(B). This is the mandatory outcome for finding a firefighter to be disabled. However, while the statute provides explicit instructions to the Board to retire disabled firefighters and immediately order their pension payments, on the Board's affirmative vote, there is no similar instruction in regards to the effective retirement date of the firefighters. The statute creates no obligation for the Board to designate a firefighter's desired retirement date as the effective retirement date. Therefore, the appellee was not under an obligation to abide by the appellants' requested retirement dates.

The question remains as to whether the selection of September 14, 2016 as appellants' retirement dates was arbitrary and capricious and unsupported by a preponderance of the evidence. The appellants argue that the trial court failed to exercise its statutory duty by impermissibly narrowing the scope of its review. The trial court judge stated that "[i]t's not my job to independently review everything that came before the board, so in understanding my role today as reviewing their decision I'm looking at the statute." The appellants are correct that this is a misstatement of La. R.S. 49:964(G), which requires the court to "make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review."

Analyzing the record in its entirety, we find that the appellee reviewed the appellants' applications in full and scrutinized the appellants' medical records to ensure that they were medically qualified. Furthermore, the appellee states that the date it approves a retirement application has always been utilized as a firefighter's

8

retirement date and that this method is consistent with administrative practices. While the appellee's interpretation of its governing statutes is not entitled to judicial deference, the fact remains that the appellee conducted a full review of each application, confirmed the appellants' medical diagnosis with an additional medical professional, and proceeded under their statutory authority to immediately retire each appellant. *Davis v. State Bd. of Certified Public Accountants of Louisiana*, 13-0514, p. 13 (La. App. 4 Cir. 12/18/13), 131 So. 3d 391, 399. This methodical review of the appellants' applications does not indicate that the appellee disregarded or gave inappropriate weight to evidence.

Additionally, in questions of statutory interpretation, the more specific statute controls the general. *State in Interest of A.C.*, 93-1125, (La. 1/27/94), 643 So. 2d 719, 730. La. R.S. 11:3384 is titled "Firefighters employed after December 31, 1967; computation of benefits." As the title suggests, this provision is mainly concerned with what levels of benefits different firefighters are entitled to, depending on their years of service. La. R.S. 11:3376 specifically addresses procedures in the case of disability benefits, as seen in its title "Disability payments; notice of injury; periodic examination." The text of La. R.S. 11:3376 requires the Board to retire firefighters, upon finding them to be disabled, and immediately order pension payments to them. This language, from the statute most relevant to disability retirement, compelling the immediate retirement of eligible disabled firefighters, provides a substantial basis for the agency's decision to select the meeting date as the appellants' effective retirement dates. Taken

9

together, the relevant statutory provisions, medical records, administrative materials, and hearing transcript are sufficient to support the appellee's selection of the Board's meeting date as the appellants' effective retirement dates.

**CONCLUSION**

Consequently, although the trial court misconstrued its scope of review, the conclusions of the trial court were correct. The appellee's decision was not arbitrary or capricious and was supported by a preponderance of the evidence. For the reasons assigned, the judgment is affirmed.

**AFFIRMED**