Judgment rendered January 12, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,183-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

CYNTHIA GRAY                                    Plaintiff-Appellant

versus

ANDREA BARR-AMBLER, CLINICAL          Defendants-Appellees
PATHOLOGY LABS, INC., SAFETY
NATIONAL CASUALTY AND STATE
FARM MUTUAL INSURANCE COMPANY

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Webster, Louisiana
Trial Court No. 77,843

Honorable Robert Lane Pittard, Judge

* * * * *

SMITH & NWOKORIE, LLC                    Counsel for Appellant
By: Brian G. Smith

CASTEN & PEARCE, APLC                    Counsel for Appellee,
By: Marshall R. Pearce                       State Farm Mutual
                                              Insurance Company

* * * * *

Before PITMAN, COX, and THOMPSON, JJ.

**COX, J.**

This case arises out of the Twenty-Sixth Judicial District Court, Webster Parish, Louisiana. Plaintiff, Cynthia Gray ("Gray"), appeals a judgment granting an involuntary dismissal in favor of Defendant, State Farm Insurance Company ("State Farm"), relating to an automobile collision. For the foregoing reasons, we affirm the trial court's judgment.

## FACTS

On February 28, 2019, Gray, while operating her 2009 Honda Sonata,[1] drove southbound on Homer Road in Minden, Louisiana. As Gray attempted to make a left-hand turn into a parking lot, she was struck from behind by Andrea Barr-Ambler ("Barr-Ambler"), who was operating a 2017 Nissan Versa, owned by Clinical Pathology Labs, Inc., and insured by Safety National Casualty Corporation. Following the accident, Gray submitted a claim to her insurer, State Farm, for damages sustained to the vehicle as a result of the accident. State Farm subsequently towed the 2009 Honda Sonata to Jim Taylor's Auto Repair Shop ("Jim Taylor's"), provided Gray with a temporary rental vehicle while her vehicle was being repaired, and paid, in full, all repairs performed on the vehicle.

On April 29, 2019, Gray filed a petition for damages and a claim for bad faith against Barr-Ambler, Clinical Pathology Labs, Inc., Safety National Casualty Corporation, and State Farm. On November 19, 2019, Gray dismissed all claims against Barr-Ambler, Clinical Pathology Labs, Inc., and Safety National Casualty Corporation. Trial commenced on

---

[1] Although in both the brief and record, Gray's vehicle is referred to as a "Honda Sonata," we note that the vehicle is likely a Hyundai Sonata as Sonata's are not produced and manufactured by Honda.

February 3, 2021, against State Farm. The trial court first noted, as a general matter, that counsel for Gray failed to provide the court with a bench book or pretrial memorandum and that no exhibit or witness list was filed with the court as requested. Counsel for Gray clarified that during a phone conference between the parties and the trial court, it was stipulated that the matter would be continued under the condition that no additional witnesses or exhibits would be added from the date of the phone conference until trial commenced. Counsel explained that he intended for Gray to be the sole witness to testify at trial and that no written evidence would be introduced. Specifically, counsel stated:

> . . . one of the things the [c]ourt, that we agreed with the [c]ourt is, is that Mr. Kitchens will not deny or object to the continuance of this. So[,] nothing else was added. And he indicated in the conference that we had evidence submitted and the only party that was going to be here, that the [c]ourt knew it was my client. And that was one of the conditions that he would continue this matter.

Gray was the only witness to testify at trial. She stated that on or about February 28, 2019, she was rear-ended by another vehicle when she attempted to make a left-hand turn. As a result of the accident, Gray stated that she sustained damage to her 2009 Honda Sonata and that she had to file a claim with State Farm. Gray testified that State Farm informed her that the car would be towed to their selected auto repair shop, Jim Taylor's. Gray stated that her vehicle remained there for approximately three months, but was never informed why the repairs took that long.

Gray stated that when she retrieved her vehicle from Jim Taylor's, she noted that the body of the vehicle was repaired. However, when she drove home, she noticed that the car had a "real bad noise," jerked, and "shut out" as she drove. She testified that she notified both State Farm and Jim

2

Taylor's about the issue, but was never contacted about the problem from either party after she notified them. Since the car first "shut out," Gray stated that she has been afraid to drive the vehicle out of fear that it would stop again while she drove. As a result, Gray stated that she has had to borrow either her daughter's or son-in-law's vehicle in order to pick up her medication or run errands.

At the close of Gray's testimony, counsel for State Farm moved for involuntary dismissal under La. C.C.P. art. 1672(B), on the grounds that Gray failed to present sufficient evidence to support her claims for loss of use and bad faith against State Farm. The trial court subsequently granted the motion and dismissed Gray's claims. This appeal followed.

## DISCUSSION

In her sole assignment of error, Gray asserts that the trial court, although vested with great discretion in deciding whether to grant a motion for involuntary dismissal, nevertheless erred in doing so. Specifically, Gray argues that State Farm acted in bad faith in failing to fully repair her vehicle after the accident because it was made aware of the continued mechanical failures. Gray argues that although State Farm towed the vehicle and had the body of the vehicle repaired, it failed to repair the internal mechanical problems the vehicle sustained as a direct result of the accident. As her insurer, Gray asserts that State Farm is liable to her for the loss of use of her vehicle and any damages associated with the accident as a result of its failure to ensure that the vehicle was fully restored.

In contrast, State Farm asserts that because Gray failed to introduce sufficient evidence to establish a claim for loss of use and bad faith, the

3

court was correct in granting the motion for involuntary dismissal.[2] State Farm contends that it properly discharged its duties as Gray's insurer, highlighting that, after the accident it: 1) paid to have the vehicle towed for repairs; 2) provided Gray with a temporary rental vehicle while the 2009 Honda Sonata underwent repairs; and 3) paid the cost of repairs. With respect to Gray's claims for loss of use and bad faith, State Farm argues that she failed to introduce any evidence outside of her own testimony to support her claims. Therefore, State Farm argues that because Gray cannot show that it acted in bad faith or that it is responsible for her loss of use of the vehicle, the motion should be affirmed. We agree.

The motion for involuntary dismissal is defined by La. C.C.P. art. 1672(B), which provides:

> In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.

A motion for involuntary dismissal requires the trial court to evaluate all the evidence presented by the plaintiff and render a decision based on a preponderance of the evidence. *Town of Arcadia v. Arcadia Chamber of*

---

[2] Although not raised on appeal, and acknowledging that the matter would be premature, State Farm further argues, in the interest of thoroughness, that Gray would not have a claim for bad faith against it under either La. R.S. 22:1973 or La. R.S. 22:1982. In brief, State Farm asserts that under either statute, Gray would not be able to establish a claim for bad faith primarily because she failed to set forth satisfactory proof of loss. Specifically, Gray failed to introduce any evidence showing that State Farm was arbitrary, capricious, and lacked probable cause, such as a handwritten estimate for repairs, or an invoice. The only evidence introduced was Gray's testimony that the car sustained issues after it was repaired, which does not sufficiently establish proof of loss or bad faith.

*Commerce*, 50,564 (La. App. 2 Cir. 4/13/16), 195 So. 3d 23; *Taylor v. Tommie's Gaming*, 04-2254 (La. 5/24/05), 902 So. 2d 380; *Coordinating & Dev. Corp. v. D.H. Patten Children Co.,* 47,000 (La. App. 2 Cir. 2/29/12), 87 So. 3d 214.

Proof by a preponderance means that the evidence, taken as a whole, shows that the fact or cause sought to be proved is more probable than not. *Hebert v. Rapides Parish Police Jury,* 06-2001 (La. 4/11/07), 974 So. 2d 635; *Bartley v. Fondren,* 43,779 (La. App. 2 Cir. 12/3/08), 999 So. 2d 146. The plaintiff opposing a motion for involuntary dismissal is entitled to no special inferences in his favor. *Crowell v. City of Alexandria,* 558 So. 2d 216 (La. 1990); *Coordinating & Dev. Corp., supra.* The appellate court will not reverse an involuntary dismissal in the absence of manifest or legal error. *Roberson v. Chance,* 50,169 (La. App. 2 Cir. 11/18/15), 182 So. 3d 203, *writ denied*, 16-0153 (La. 4/4/16), 190 So. 3d 1208.

After a thorough review of the record, we find that the trial court was not manifestly erroneous in granting the motion for involuntary dismissal. In order to satisfy her burden of proof, Gray was required to establish that State Farm acted in bad faith with respect to the loss of use of her vehicle and failure to respond to her claims in regard to the sustained damage of the vehicle after repairs. At the outset of trial, Gray's counsel provided that the only evidence he intended to submit was Gray's testimony. During trial, Gray only testified about the mechanical difficulties she experienced with the vehicle after it was repaired and that, through an agent, she informed State Farm about the continued problems.

We note that in establishing her claims, Gray failed to introduce any other witnesses, expert or otherwise, to testify about the condition of the

5

vehicle before and after the accident occurred. Moreover, she offered no other documentary evidence to establish a connection between the accident itself and the resulting damages or evidence establishing that State Farm knew or was aware of the vehicle's internal mechanical failures, including, but not limited to: invoices, estimates, accident reports, records of the work performed, or a copy of the insurance claim filed with State Farm after the issue was reported. Nevertheless, the trial court had the benefit of hearing the evidence presented at trial and considered Gray's testimony before it made its final ruling.

Given the limited testimony and evidence presented at trial, we find that the trial court had the benefit of hearing all of the evidence and that it acted within its discretion in granting the motion for involuntary dismissal.

## CONCLUSION

For the reasons expressed, the trial court's judgment is affirmed. Costs associated with this appeal are assessed to the Appellant.

**AFFIRMED.**